# CASES

# THE PREROGATIVE COURT,

## APRIL TERM, 1838.

---

## SAMUEL READ v. AMOS H. DRAKE.

The appeal given to the prerogative court by the twenty-seventh section of the act, entitled, "An act to ascertain the power and authority of the ordinary and his surrogates, to regulate the jurisdiction of the prerogative court, and to establish an orphan's court in the several counties of this state," passed June 13th, 1820, (*Rev. Laws*, 784,) authorizes the ordinary to look into the merits of the decision made by the orphan's court in granting letters of guardianship, and to affirm or set aside and change the appointment made by the orphan's court, as the ordinary shall think the legal and just rights of the parties require.

In cases of disputed claims to the right of guardianship, the depositions taken at the hearing should be reduced to writing by the surrogate, and be sent up with the papers on the appeal.

Whether depositions are taken and sent up or not, the ordinary may, in his discretion, allow further depositions to be taken on notice, before the surrogate, to be used on the hearing of the appeal.

By the twenty-eighth section of the act of the 13th of June, 1820, (*Rev. Laws*, 784,) the mother or next of kin are given a clear preference, and are entitled, if they desire it, to the appointment of guardian for minors under fourteen years of age, and cannot be passed by except upon some satisfactory objection made and sustained before the court.

THIS cause came before the court upon appeal from a decree of the orphan's court of the county of Warren, appointing Amos H. Drake guardian of the persons and estates of Sally Ann Drake and Maria Drake, minors under the age of fourteen years. The parents of the minors were both dead. At February term,

1837, Samuel Read, the maternal grandfather of the minors, applied to the orphan's court, pursuant to the provisions of the statute, to be appointed guardian of the said minors. At the same term, Elizabeth Swayze, (formerly Elizabeth Drake,) the paternal grandmother of the minors, together with several of their paternal uncles and aunts, made application to the said court, for the appointment of Amos H. Drake, a paternal uncle of the minors, as their guardian. Both applications came on for hearing before the orphan's court at the same time, and evidence was adduced by both parties. Objections were made to the appointment of Read as guardian, principally on the ground that he had been the acting administrator of the estate of George W. Drake, (who was the father of the said minors,) and that the friends of the minors were dissatisfied with the account of his administration as settled in the orphan's court; alleging that it did not contain a full statement of the estate, and that a large amount of property was kept back and unaccounted for. The orphan's court, upon the hearing, rejected the application of Read, and appointed Amos H. Drake guardian of the minors.

From this decree Samuel Read appealed; and by his petition of appeal, prayed that the decree of the orphan's court might be reversed, and that he should be appointed guardian, bearing nearer of kin to the minors than the said Amos H. Drake. After filing his petition, on the 16th of May, 1837, the appellant obtained an order of the prerogative court, that both parties have leave to take depositions before the surrogate of the county of Warren, upon ten days' notice, to be used upon the hearing of the appeal. Much testimony was taken in pursuance of this rule, by the parties, which was objected to on the hearing by the respondent as incompetent, on the ground that the evidence before the orphan's court should have been reduced to writing by the surrogate, and sent up to the prerogative court; and that the appeal should be heard and decided upon that evidence alone. The cause was heard upon the petition, answer, and proofs.

*Frelinghuysen*, for appellant, insisted,

1. That Drake is one degree further removed in kindred from the minors, than the appellant.

2. That as between kindred in equal *degree, the male* should be preferred to the female.

3. That guardianship ought to be granted to one to whom the lands of the minors could not descend.

4. That the complaint against Read, the appellant, upon which he was excluded from the guardianship, was frivolous.

He cited, *Rev. Laws,* 784–5, *secs.* 27, 28 ; *Conset on Courts,* 216, 5, *sec.* 3 ; 5 *Cranch,* 281–3 ; 7 *Cranch,* 22, 107, 122 ; *Griffith's Treatise,* 198.

*H. W. Green,* for respondent, in reply, insisted,

1. That the authority of the orphan's court, under the statute, in the appointment of guardians, was discretionary.

2. That that discretion having been exercised, after a deliberate hearing, in the presence of all the parties, upon full evidence, this court will not disturb the decree except for manifest error.

3. That if the orphan's court assign improper reasons for the exercise of their discretion, this court will reverse their decree ; but will not *presume* an improper reason, if none is assigned. *Eldridge and wife* v. *Lippincott, guardian, Coxe,* 397.

4. That the depositions taken by the surrogate *since* the hearing before the orphan's court, were incompetent, and ought to be overruled.

THE ORDINARY. Upon the above case I decide as follows :—

1. That by the twenty-seventh section of the act, entitled, "An act to ascertain the power and authority of the ordinary and his surrogates, to regulate the jurisdiction of the prerogative court, and to establish an orphan's court in the several counties of this state," (*Rev. Laws,* 784,) the appeal given to the prerogative court authorizes the ordinary to look into the merits of .

[Read v. Drake.]

the decision made by the orphan's court in granting letters of guardianship, and to affirm or set aside and change the appointment made by the orphan's court, as the ordinary shall think the legal and just rights of the parties require.

2. That in cases of disputed claims to the right of guardianship, the depositions taken at the hearing should be reduced to writing by the surrogate, and be sent up with the papers on the appeal; and that, whether depositions are taken and sent up or not, the ordinary may, in his discretion, allow further depositions to be taken on notice, before the surrogate, to be used on the hearing of the appeal.

3. That by the twenty-eighth section of said act, the mother or next of kin are given a clear preference, and are entitled, if they desire it, to the appointment of guardian for minors under fourteen years of age, and cannot be passed by, except upon some satisfactory objection made and sustained before the court.

4. That in the present case, I see no satisfactory reason to pass by the next of kin, who on all hands is admitted to be the appellant.

5. That the decision of the orphan's court of the county of Warren be reversed; that the letters of guardianship granted to Amos H. Drake be set aside, and that such letters be granted to Samuel Read, the appellant, being the next of kin to the minors, who are under fourteen years of age, upon his giving bond according to law.

The following decree was thereupon made:—

This appeal coming on to be heard at a special term of the prerogative court, held at Trenton, before his excellency William Pennington, governor of the state, and ordinary in the same, on Wednesday, the sixteenth day of May, in the year of our Lord one thousand eight hundred and thirty-eight, in the presence of Theodore Frelinghuysen, of counsel for the appellant, and of Henry W. Green, of counsel for the respondent; and the matters therein having been read and considered, and after the arguments of counsel heard, the ordinary was of opinion that

12

the said Samuel Read was the next of kin to the said minors, Sally Ann Drake and Maria Drake, and that no sufficient reason appeared to pass by him in the choice and appointment of guardian for the said minors. It is therefore ordered, adjudged and decreed, that the said decree of the orphan's court of the county of Warren, appealed from in this cause, appointing the said respondent guardian of the said minors, be, and the same is hereby reversed and set aside: and it is further ordered, that letters of guardianship be granted to the said Samuel Read, appointing him the guardian of the said Sally Ann Drake and Maria Drake, and that said letters be issued from the prerogative office of this court, on the terms provided by the statute in such case made. On motion of William C. Morris, proctor for the appellant.