# CASES

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY.

### MARCH TERM, 1848.

---

### OLIVER S. HALSTED, ORDINARY.

---

DANIEL RUNKLE, appellant, and ALFRED GALE, late Guardian of DANIEL RUNKLE, respondent. On appeal from the Orphans' Court of Warren.

A guardian's account, prepared by himself, was presented to the Surrogate on the day the ward came of age, and was by the Surrogate, without being particularly examined by him, (the guardian showing the receipt of the ward, who was present and said he believed the account to be right,) reported to the Court and allowed by the Court. By a memorandum at the foot of the account it appeared that commissions, if they had not been paid by the ward, were waived by the guardian. It subsequently appeared that there were mistakes in the account, against the ward; one in the footing of a column, and the other in a miscalculation of interest. On the application of the ward, the Orphans' Court opened the account, on the showing of these mistakes apparent on the face of it, and directed a re-statement of the account, correcting these mistakes; and directed the allowance to the guardian, in the re-stated account, of the amount of the commissions which had thus been, if not paid by the ward, waived by the guardian; and directed the allowance of counsel fees to the guardian.

The Ordinary, on appeal, directed both these allowances to be struck out; and directed the Register of the Prerogative Court to re-state the account accordingly.

Daniel Runkle presented his petition of appeal, setting forth, that in the term of February, 1844, of the Orphans' Court of

the county of Warren, the final account of Alfred Gale, his late guardian, was settled in the said court; that afterwards, at an Orphans' Court held for said county on the 11th of September, 1846, on the application of the petitioner, and the allegation of mistakes in the settlement of said account, it was ordered that the said Gale show cause on the 21st of October then next, why the said account should not be opened and re-settled; that on that day it was ordered by the said Orphans' Court that the said acccount be opened and re-settled, for the cause aforesaid; that afterwards, on the 3d of February, 1847, at a special term of said court, it was ordered and decreed that the said account be allowed, with the following additions and exceptions, (*prout* the same,) and that there was a balance due the said accountant of $519 21; and did further order, that the sum of $75 be paid by this petitioner as a counsel fee to each of the counsel of said ac-, countant, and that all other costs be paid by the petitioner; that he is advised that the said decree is erroneous, and he thereupon appeals to this court, and prays an order on the said Orphans' Court to return a transcript of the proceedings had before them touching the premises; and also an order that the said Gale may answer the appeal, at such time, &c.; and that the said decree may be reversed, and that the petitioner may have such further relief, &c.

On the reading of this petition, an order was made, that the Judges of the said Orphans' Court do forthwith, on service of a copy of the order, make return, and send to this court the said account, and a transcript of the proceedings before them had touching the premises, and of the sentence or decree of the said court, and of all things had or done by them in relation to the re-settlement of the said account; and an order was also made, that the said Gale appear and answer the said appeal within 30 days after service of a copy of the petition and appeal and of the last mentioned order.

By an order of the said Orphans' Court, indorsed on a copy of the said order of this court, and signed by the Judges of said Orphans' Court, that court directed the Surrogate to make return to the order of this court, according to the exigency thereof. And the Surrogate returned to this court, under his seal, a tran-

script of the proceedings of the said Orphans' Court touching
the premises ; among which is the first account of the account-
ant, with his oath annexed, " that the account is just and true
in all things, both in the charge and discharge thereof, according
to the best of his memory and belief."

To this account is annexed the following note or memoran-
dum :

" *To the Judges of the Orphans' Court of the county of War-*
*ren:* I, Daniel Runkle, above named, being now of full age, do
acknowledge and certify that I have examined the annexed ac-
count, in the several items of the charge and discharge thereof,
and pray the said Judges to allow the same as stated, I being
satisfied of the correctness thereof.          DANIEL RUNKLE."

In the foregoing account, the amount which the accountant
charges himself is          -     -     -     -     -     $32,276 94
*The amount of the items for which he prays*
          allowance is          -     -     -     -     -     2,402 16

Leaving the balance in accountant's hands,          $29,824 78

At the close of the account, and next preceding the oath, is
this statement :

" Balance in accountant's hands, due said minor at this date,
out of which the said minor now has paid the accountant his
commissions, $1,000, and the court charges on the settlement,
$5, he being now of full age ; so that said accountant's charges
for commissions are satisfied in full."

At the special term of the said Orphans' Court, held in Feb'y,
1847, that court made the following order :

" DANIEL RUNKLE, exceptant, against ALFRED GALE, Guardian
    of DANIEL RUNKLE.    On exceptions to final account opened
    for correction of errors.

" This matter coming on to be heard at this time, and the
court having heard and considered the evidence and allegations
of the parties, it is ordered and decreed that the account of the

said guardian, of which the above is a true copy, (this order being appended to a copy of the first account,) be allowed with the following additions and exceptions, viz:

| | | |
|---|---|---|
| Error in interest, on the ward's side of the account, | | |
| or $15,028 73, received January 10, 1840, | 625 | 05 |
| Error in addition of disbursements, - - | 199 | 99 |
| | $825 | 04 |

And in the same order the said court allow the guardian commissions $1,000; and find a balance due the guardian; and allow the guardian's counsel $150; and order the said balance and counsel fees to be paid by the ward, together with all the other costs to be taxed; and order the Surrogate to state the account accordingly; which he did.

The rule to show cause why the account should not be opened is as follows:

" The said Daniel Runkle having applied for a re-settlement of the accounts of Alfred Gale, late guardian &c., and alleged that there are mistakes therein, it is ordered that the said Gale show cause on the 21st of October next why the said accounts should not be opened and re-settled."

On the 31st of March, 1847, Gale filed his answer to the appeal. The testimony taken before the Orphans' Court was reduced to writing, and was sent up to this court with the other proceedings.

There was exhibited before the Orphans' Court, on the part of the guardian, a writing signed and sealed by Daniel Runkle, witnessed by John M. Sherrerd, subscribing witness, dated February 28, 1844, by which Runkle says, that in consideration of a final settlement that day had and made by Alfred Gale, his late guardian, and of the sum of $29,874 78 to him paid, he remises, releases and forever discharges the said Gale of and from all actions, suits, demands and claims whatsoever which against said Gale, as his guardian, he ever had, now has, or can have. There is a certificate subjoined to it of the acknowledge-

ment of the said instrument by Runkle, before a Master in Chancery, also dated Feb. 28, 1844.

*A. Wurts* and *P. D. Vroom* for the appellant. They cited 6 *Halst. Rep.* 44 ; 1 *Spencer's Rep.* 126 ; 4 *Harr. Rep.* 83 ; *Rev. Stat.* 214, sec. 27.

*Sherrerd* and *W. Halsted* for the respondent. They cited 3 *Dessau,* 93 ; 18 *Ves.* 383 ; 2 *Ves. Sen.* 566 ; 6 *Gill & John.* 424 ; 2 *Atk.* 112 ; 3 *Harr. Rep.* 266 ; *Ib.* 59, 67 ; *Rev. Stat.* 214, sec. 26 ; 2 *Smith's Ch.* 20, 21 ; 15 *Ves.* 72 ; 10 *Ib.* 562 ; 1 *Bro. Ch.* 140 ; 1 *John. Ch.* 48 ; 2 *Ib.* 14 ; 4 *Russell,* 180 ; 6 *Halst. Rep.* 44, 61 ; 1 *Ves. Sen.* 409 ; *Shep. Touch.* 320, 322, 334, 340, 343 ; *Bac. Ab. Release ;* 6 *John. Ch.* 249 ; 1 *Hopk.* 334 ; 1 *Serg. & Rawle,* 317 ; 5 *Wend.,* 6 *Wend.* 620, 628, 632 ; 18 *Wend.* 350 ; *Hopk.* 408 ; 3 *Gill & John.* 311 ; 1 *Munford,* 119.

THE ORDINARY. The mistakes on account of which Runkle applied to the Orphans' Court to open the account were mistakes against him on the face of the account ; one being a misfooting of a column, and the other a miscalculation of interest. It appears from the testimony that these mistakes were not discovered by Runkle until 1846, after the giving of the release from him to Gale. Gale did not set up the release in opposition to the application to the Orphans' Court to open the accounts ; nor did he appeal from that order. When he was called on to correct these errors, he refused, and said the court should settle it ; and he would charge commissions. It is not necessary, therefore, to inquire whether the release would have prevented the opening of the account. It appears from the testimony that Gale stated the first account himself ; and the account, as stated by him, was passed by the court, without being particularly examined either by the Surrogate or the court ; but the statement at the foot of the account in reference to commissions was appended at the suggestion of the Surrogate. This account was thus passed by the court on the day Runkle came of age.

The question is, were the Orphans' Court right, the accounts having been opened for the correction of such mistakes, to allow

7

commissions to the guardian on the re-statement of the accounts. I think not. If the guardian did not actually receive the $1,000 commissions mentioned in the memorandum at the foot of the first account, it must be that he waived commissions. He cannot now, as an offset against errors in figures, in his favor, on the face of the account, recall that waiver and charge commissions. The surmise that he knew of these mistakes, and therefore waived commissions, would not relieve him, but would convict him of fraud.

It was said by counsel for the accountant that an allowance for commissions is not a subject of appeal. That question does not arise in this case. The subject of this appeal is, that the Orphans' Court, on re-stating an account which was opened for the correction of mistakes against the ward, in figures, apparent on the face of the account, allowed to the guardian commissions which, if he had not received on the settlement of the first account, he had then waived. The commissions will be struck out of the re-stated account. The counsel fees allowed to the guardian in the re-stated account will also be struck out. This will throw the balance of the account against the guardian; and the costs will follow the result.

The account will be ordered to be re-stated by the Register of this Court, in accordance with these views.

Order accordingly.