No. 49.—DAVIS C. GRESHAM, Ordinary, &c., plaintiff in error, *vs.* LEWIS PYRON, defendant in error.

[1.] An appeal lies from a refusal of the Ordinary to grant letters *pendente lite.*

[2.] By the amendment of the Constitution, creating the office of Ordinary, that officer is authorized to grant temporary letters, " to hold until permanent letters are granted." Where there is an appeal from grant of permanent letters, the temporary administrator will continue in office until that appeal be disposed of, and permanent letters granted.

[3.] Where an Ordinary refuses to enter an appeal from his decision declining to grant letters *pendente lite, Mandamus* is the proper remedy.

Motion, in Meriwether Superior Court. Decision by Judge STARKE, August Term, 1854.

Lewis Pyron, claiming to be a creditor of Jacob Stroman, deceased, obtained temporary letters of administration upon his estate. He and William Mitchell, (who also was a creditor,) both advertised for permanent letters. At the hearing, the Ordinary granted the letters to William Mitchell and revoked the temporary letters to Pyron, as having expired by their own limitation—Pyron making no objection thereto within four days. Pyron appealed from the grant of permanent letters to Mitchell. Letters *pendente lite* were then granted to Mitchell. From the grant of letters *pendente lite*, Pyron offered to appeal also. The Ordinary refused to grant an appeal from this grant of letters. Pyron moved a rule *vs.* the Ordinary in the Superior Court, to show cause why he should not enter the appeal, *nunc pro tunc*. This rule was resisted—1st. Because the proper mode to proceed was by *mandamus* 2nd. Because, upon the above facts stated by the Ordinary, in his return to the rule, an appeal did not lie.

The Court over-ruled the objections, and made the rule absolute; and this decision is assigned as error.

B. HILL and E. Y. HILL, for plaintiff in error.

H. WARNER, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] It is insisted, that the Ordinary was right in refusing this appeal, because it was proposed to be taken from a decision declining to grant letters of administration *pendente lite*. The law authorizes an appeal from "any decision" of the Ordinary. It is impossible to say that this is not a *decision*. There can be no reason given why it is not as much a *decision* as the refusal of permanent letters.

The only reason assigned why there is a difference was, that

if appeals from a refusal to grant letters, pending the appeal from a grant of permanent letters, were allowed, it would be productive of great inconvenience, as there would then be no one to take charge of and manage the estate.    This does not necessarily follow, for the Ordinary might appoint, again, some one as temporary administrator, pending the last appeal, and so on until an administrator was found.

If it be answered, that this might not be practicable, as the appeal from the refusal to grant letters *pendente lite* might not be entered until Court had adjourned, the reply to that is, that this observation applies as well to the appeal in the first instance; and in such case, the supposed inconvenience would not be obviated; for letters *pendente* could not be granted out of the term, as the law requires them to be granted by *the Court.*

But it is well known that the *argumentum ab inconvenienti* is legitimate only where the Court is doubtful as to the law. Where that is clear, the Judge must administer it, whatever the inconvenience.

The Ordinary, however, in such a case as that supposed, has a general authority in the premises, by which he can, to a great extent, remedy such an inconvenience.

[2.] The inconvenience in question need not arise again, for another reason.    By the amendment of the Constitution creating the office of Ordinary, that officer is empowered to "grant temporary letters of administration, *to hold until permanent* letters are granted."    When, therefore, a temporary administrator is appointed, he may retain his office until the appeal from grant of permanent letters, is finally tried and determined, and these letters are granted.    In this case, Lewis Pyron, the temporary administrator, might have continued (in our opinion) to exercise his authority until the appeal was disposed of, if he had not acquiesced in the revocation of his temporary letters.

We are well satisfied, that the defendant in error was entitled to his appeal.

[3.] Let us now ascertain, whether or not he has pursued the proper remedy to secure it. Can an Inferior Judicature in this State be reached, and its errors, or its refusal to administer the law, be corrected by a proceeding in the form of a rule issued by the Superior Court?

By our system, what are technically known as *errors* of Inferior Courts, committed *Judicially* in the administration of justice, must be corrected by the Superior Court, either by appeal or by *certiorari*. And the errors which are to be thus corrected, are such as occur after a case of some sort is before the Inferior tribunal. But here the complaint is, that the Ordinary would not permit the case to get its lodgment in Court. He refused to allow an appeal; he refused to do that *ministerial* act necessary to give the party desiring to appeal a standing in Court, and to which he was entitled as matter of right.

It was not a judicial error to be corrected, but a ministerial act to be performed by the Ordinary, which he refused, and thereby occasioned a failure of justice.

To correct a failure of justice by reason of such refusal, *mandamus* is the proper remedy in our opinion.

It was urged, that as the defendant in error was entitled to appeal, as matter of right, the Superior Court might order such appeal *nunc pro tunc*. This is true; but it must be done by the proper remedy.

We do not see that this case differs, in principle, from that where the Clerk of the Superior Court refuses to send up a bill of exceptions to this Court, after there has been a compliance with the law ; or where that Clerk refuses to receive a petition and annex process. They stand upon the same basis of reason.

The decisions cited by the Counsel for the defendant in error, are all cases where the cause had a lodgment in Court; where the ministerial act necessary to place the case there had been performed; but there was some irregularity or informality in the proceeding.

Let the judgment be reversed.