### ROBERT HALL v. STERLING PEARMAN.

Where it appeared by bill of exceptions, that the defendant read as a part of his claim of title to the land in controversy, a judgment rendered in Guadalupe District Court, wherein Frisbee, administrator of Bateman, deceased, was plaintiff, and the plaintiff and others were defendants, and an execution thereon under which the land was sold to Peyton Medlin; and that plaintiff then, by way of rebuttal, offered to read the deposition of F. Chenault, Clerk of the County Court of Gonzales county, and a certified copy of a decree of said Court, to show that Frisbee had been discharged from the administration of the estate of Bateman, deceased, two months previous to the rendition of said judgment; which evidence, on objection of defendant, the Court refused to receive; it was held there was no error.

See this case as to the difference between a suit by A, administrator of B, and a suit by A as administrator of B. .

Where a plaintiff, who sues as administrator, resigns, or is removed or discharged, the defendant should plead the fact by plea of since the last continuance; or, if the fact should not come to his knowledge until after judgment, he would doubtless be protected upon application to the Court; but a sale in the mean time to a *bona fide* purchaser, under execution on said judgment, could not be effected.

Error from Guadalupe. Tried below before the Hon. Thomas H. DuVal.

This was an action of trespass to try title, by Hall against Pearman; the defence was not specially pleaded; there was no statement of facts; and the first paragraph of the synopsis of this report recites the language of the bill of exceptions, and conveys the only information before this Court as to the real facts. There was a third objection to the evidence, as follows: Because

the Court rendering the judgment was a Court of competent jurisdiction, and the jurisdiction over the subject matter and the parties having attached, the plaintiff could not now inquire collaterally, into the validity of said judgment.

*J. Ireland,* for plaintiff in error. Frisbee was the administrator *de bonis non* of Bateman's estate; and the suit upon which this judgment was rendered, had been originally instituted by the former representative of Bateman, deceased. The first administrator being removed, the suit then abated, and it was revived in Frisbee's name after he was appointed administrator; and before the suit was determined, some three months, Frisbee closed the estate and was discharged from his trust by the County Court of Gonzales county. Is there a doubt about the suit again abating? It seems to me there cannot rest a doubt upon this point, no more than if Frisbee had died a natural death. (Bissell v. City of Victoria, 6 Tex. R. 54; Gormly v. Skinner, Wright, 680; Hurt v. Horton, 12 Tex. R. 288.)

As to our right to go behind the judgment to show its nullity, see Bullock v. Ballew, 9 Tex. R. 494; Frazier v. Griffith, 3 U. S. Cond. R.; Fisk v. Norvell, 9 Tex. R. 13.

The old maxim laid down by Blackstone and others, that "when a Court once obtains jurisdiction it retains it," is one of those generalities that is without a meaning, for it does seem to me that a Court loses its jurisdiction upon the death of one of the parties, and this Court will not require authorities upon this point. It may be said that the plaintiff is estopped from taking advantage of the judgment, because he did not plead in abatement on the removal of the administrator; but if this be true, it is subversive of that general principle held by all Courts, that a void judgment may be attacked wherever and whenever it is set up, either collaterally or otherwise.

*W. B. Leigh,* for defendant in error. I. The words "administrator of Bateman, deceased," are merely *descriptio personæ,* and may be regarded as surplusage. (1 Tex. R. 184.) Every presumption is in favor of the judgment, and this Court is bound to presume that the cause of action was such that Frisbee could institute suit and recover thereupon.

II. The plaintiff should have plead in abatement in the original suit, if Frisbee had no authority to sue, or if the letters of administration had been revoked after the commencement of the

Hall v. Pearman.

suit. (Yeaton v. Lynn, 5 Peters, 224; 5 Tex. R. 290.) By permitting judgment to be rendered against him, he admitted not only the plaintiff's right to sue, but that he had no defence to the action; and he cannot now take advantage of his own laches to the injury of an innocent third party.

III. The Court rendering the judgment was a Court of competent jurisdiction, and, the jurisdiction over the subject matter and the parties having attached, the plaintiff cannot now inquire collaterally into the validity of said judgment. (10 Peters, 449; 2 Howard, 319; 3 Tex. R. 433; 1 Id. 250.)

HEMPHILL, CH. J. The object of this suit is to recover a tract of land which the defendant below claimed through purchase at Sheriff's sale, and as part of his chain of title sets up a judgment recovered by one "Frisbee, administrator of Bateman, deceased," against the plaintiff in this action and others. By way of rebuttal, the plaintiff offered to prove by the deposition of the Clerk of the County Court that Frisbee had been discharged from the administration two months prior to the rendition of the judgment. The evidence, on objections by the defendant, was rejected; and the only question is whether this ruling of the Court was erroneous.

The first objection to the admission of the evidence was, that the words "administrator of Bateman, deceased," are merely description of the person, and may be rejected as surplusage. (Gayle and Gayle v. Ennis & Reynolds, 1 Tex. R. 184.) This position is amply supported by the case cited, with its references and authorities. The presumption is, that suit is brought in the individual right of the plaintiff, when he appends to his name the terms merely "administrator of," &c., and not in his right as administrator of the deceased. This, from the looseness of pleading, may frequently not accord with the facts. It may be that the suit could be maintained only in his capacity as administrator, and yet the averment be in his own name, appending merely "administrator of the deceased," and not laying his complaint "as administrator of the deceased." There is nothing in this case to show that the suit could not have been maintained in his individual right, and the ordinary and legal presumption must be allowed its full force. The suit being brought by Frisbee in his own right, was not abated or affected by his discharge, before judgment, from the administration.

The second objection to the evidence was, that the defendants

Dawson v. Miller.

to the judgment admitted the right of the plaintiff to recover by not pleading in abatement. The record does not show whether Frisbee was removed from the administration before or after the institution of the suit. As the removal was about two months prior to the judgment, the presumption is that his removal was after suit commenced, and such is the statement, in effect, of appellant in his brief.

This being the state of the facts, the rule in Yeaton v. Lynn, (5 Peters, 231,) invoked by the defendant in error, will, if allowed full weight, be conclusive in support of the judgment.

The letters testamentary in that case were revoked after the commencement of suit by the executor, and the plea of the general issue. It was held, in effect, that the revocation should have been set up by the defendant by plea of since the last continuance, and that as this had not been done, the defendant must be held as having waived the defence, and to have rested his cause on the general issue. On this principle, the defendants should have pleaded specially the removal of Frisbee from the administration. The judgment in the case before us was for the defendant; and there being no error, it is ordered that the same be affirmed.

Judgment affirmed.