ADJUDGED IN

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY.

### MAY TERM, 1868.

---

ABRAHAM O. ZABRISKIE, ESQ., ORDINARY.

---

## OSBORN, appellant, and ROGERS, respondent.

1. The appointment by the Orphans Court of commissioners to set off dower, should appear by the records of the court, or by an order or decree signed by the judges, or one of them.

2. The act requires the commissioners to make their report at the *next* term after their appointment. This provision is not so far imperative as to make void the proceedings, if not strictly complied with, yet it is so explicitly directory that it requires an order of the court made upon notice, to authorize a report at a subsequent term.

3. Setting off dower by metes and bounds, in lands in which the husband was only seized of an undivided moiety, is a radical defect. His interest in the lands, and also the fact that the lands in which dower was set off were those in which the widow had a dower right, should appear.

4. Where the proceedings in the Orphans Court were thus radically defective, the widow was allowed her election to have the proceedings dismissed and new proceedings instituted in that court, or to amend her petition and proceed in this court.

---

On appeal from the decree of the Orphans Court of the county of Ocean.

*Mr. McLean,* for appellant.

*Mr. W. H. Vredenburgh,* for respondent.

THE ORDINARY.

This appeal is from the proceedings and decree of the Orphans Court, setting off dower to the respondent. The final decree was made on the 20th day of January, 1863, and notice of the intention to appeal was served within twenty days, with the causes of complaint. Among the causes of complaint specified in the notice, and in the petition of appeal, are these: First, that there is no record of the appointment of the commissioners to set off dower. Second, that the report of the commissioners was not made at the next term succeeding their appointment. Third, that the commissioners set off as dower one-third of the tracts in their report mentioned, when the husband, or the intestate, was only seized of one undivided half of these tracts. Fourth, that the commissioners, or some of them, did not view the premises.

The first reason is true in fact. Richard Crawford, one of the commissioners who signed the report, does not appear, by any part of the record, to have been appointed by the court. By the copy of a paper returned as on file in the surrogate's office, signed or authenticated by no one, it appears that George Sykes, with the two other persons who signed the report, were appointed commissioners to set off dower in a lot of land therein referred to. But no part of the proceedings show that Crawford was ever appointed. The recital in the decree of confirmation does not mention his name, nor is it any acknowledgment of his being commissioner. It does not refer to the report so as to identify it, but it refers to a report made by the commissioners appointed at January Term, 1861. Crawford was not appointed

at that term, but according to the deposition of respondent was appointed one or more terms afterward. It does not sufficiently appear by any document or evidence, that he was ever appointed at all. The recital in the decree may well be held to refer to a report made, as it alleges, by Sykes and the others, and according to the custom of the surrogate's office as shown in the evidence, lost or lent out. In fact, the appointment of any persons as commissioners does not sufficiently appear. The acts of the Orphans Court must appear, either by an entry on the minutes or records of the court, or by an order or decree signed by the judges, or some one of them. A loose, unsigned paper, like that of which a copy is sent up, might have been presented to the Orphans Court, and put on the files by the surrogate, when the court omitted to consider it, or refused to make the appointment.

The next objection is, that the report of the commissioners was made, not at the next term after their appointment, but two years afterwards, by which the appellant was surprised. The act says the commissioners "shall make their report at the next or subsequent term after their appointment." The word, subsequent, has the same meaning here, as next. If either had been used alone it would have expressed the same idea as if the other had been used. That it was unnecessary to use both will not change the import of the sentence, or compel us to hunt up some other sense to explain or account for a tautology not at all unusual in statutes. The provision is not so far imperative as to make void the proceedings, if not strictly complied with, yet it is so explicitly directory that it requires an order of the court made upon notice, to authorize a report at a subsequent term. Else, the direction of the statute would be a trap to put the owner of the lands off his guard.

The next cause of complaint is, that the commissioners set off one-third of the whole premises by metes and bounds, when the husband of the respondent was seized only of an undivided half. That they set off one third of the premises to the widow as dower, is certified expressly in words, in their

return.  That the husband was only seized of an undivided
moiety in both tracts, seems very probable, from the depo-
sitions taken in this court, under the rule for that purpose.
They are not conclusive on this point, and, under other cir-
cumstances, it might be doubtful whether this reason was
sufficiently sustained in point of fact.  But, on the other
hand, it no where appears in the case on part of the respon-
dent, that her husband was ever seized of the whole, or even
a moiety of the premises in which dower is set off.  In this
matter, and other respects, the proceedings are so radically
defective, that it is very doubtful whether they would have
any validity or effect any where, for any purpose, if not set
aside.

The petition states that the husband of the petitioner died,
seized of lands in the county of Ocean, in which she was
entitled to dower, and that she has caused notice of the appli-
cation to be served on " Ezra A. Osborn, who is all the
person known to her to be interested."  No other identifi-
cation of the lands is given, or of the quantity of the estate
of which her husband was seized.  The only evidence, is the
affidavit of the petitioner annexed, that the facts in the peti-
tion are true.  The affidavit would be true, if the only land
her husband was seized of was an acre of swamp, thirty
miles from the lands set off as dower, and owned by some
person to her unknown.  Upon these papers, and no other, an
order was drawn appointing three persons commissioners to
set off dower in " a tract of land in the township of Dover, in
said county, it being lot No. —, in a deed given by Reuben
Potter and wife to the said Ezra A. Osborn, and recorded in
book No. —, of deeds, page —, in the clerk's office of the
said county, containing —— acres, and being the real estate
in hand in lot No. —, in the aforesaid deed."  The number
of the lot, and the number of acres in it, are left blank, and
every thing by which the lot could be identified, is omitted.
It is clearly impracticable to tell whether it was lot number
one, or two, or five, in that deed, even if the deed could be
identified by the fact that there was but one deed from the

grantors to the grantee named, recorded in that clerk's office. It is not surprising that no judges should sign so unmeaning and senseless a decree, with no petition or evidence sufficient to support it, or any other decree. The report of the commissioners shows that they set off dower in two tracts, which appear to be about thirty chains apart, but it does not appear whether either of them was tract number *blank*, in a deed recorded on *blank* page of book number *blank*, in Ocean county clerk's office, and containing *blank* acres. These defects are not specified as causes of complaint, but they sustain the cause alleged that there is no appointment of commissioners to set off dower in the lands in the report, and that there is nothing in the case to show that the husband of the respondent was seized of the whole of the two tracts. In which case, the evidence offered, that he was seized only of a moiety, is sufficient to sustain that reason.

The proceedings, report, and decree of confirmation, in the Orphans Court, must be set aside. And if the respondent desires to proceed in this court, which, by the statute, has jurisdiction to do in the premises what is just, she must, in the first place, obtain leave to amend her petition, by describing the lands in which she claims dower, and the estate of which her husband was seized in it, and the names of the present owners. In the situation of this case, however, it would seem preferable to have all the proceedings discontinued, and dismissed, and new proceedings instituted in the proper tribunal for that purpose. As to this, the respondent may exercise her option.