FRANKLIN N. BROWN, appellant,

*v.*

SETH B. RYDER et al., respondents.

The powers and functions of an administrator *pendente lite*, which are suspended by the admission of the will to probate and the qualification of the executors, revive on appeal from the decree of probate, and continue until the determination of the appeal.

On appeal from decree of Union orphans court admitting to probate a paper-writing purporting to be the will of Edward G. Brown, deceased.   Petition that pending the appeal the execu-

Brown v. Ryder.

tors may be restrained from acting as such, and that the administrator *pendente lite* appointed by the orphans court may continue to act.

*Mr. W. R. Wilson,* for the petitioner.

*Mr. R. V. Lindabury, contra.*

The Ordinary.

The orphans court of Union county, in view of the contest over the admission of the will of Edward G. Brown, deceased, to probate, appointed James R. English administrator *pendente lite,* on the 28th of April, 1886. It subsequently, on December 7th, 1886, by its decree admitted the will to probate, and the executors thereupon qualified accordingly. On the next day an appeal was taken to this court from that decree. The petitioner asks that the administrator *pendente lite* may continue to act as

Note.—Where an appeal has been taken from the appointment of an administrator, his powers are suspended, and the probate court should appoint a special administrator, *Palms* v. *Wayne, 39 Mich. 302 ; Arnold* v. *Sabin, 4 Oush. 46 ; Crozier* v. *Goodwin, 1 Lea 368 ;* see *Bloomfield* v. *Ash, 1 South. 314 ; Shauffler* v. *Stoever, 4 Serg. & R. 202 ; Cleveland* v. *Quilty, 128 Mass. 578.*

And so of an appeal from the removal of an administrator, *Dutcher* v. *Culver, 23 Minn. 415 ; Bills* v. *Scott, 49 Tex. 430 ; Calvert* v. *Willhams, 9 Gill 172 ; Muirhead* v. *Muirhead, 8 S. & M. 211 ;* but see *Mullanphy* v. *St. Louis Co., 6 Mo. 563 ; Harney* v. *Scott, 28 Mo. 333 ; Biddison* v. *Mosely, 57 Md. 89 ;* or executor, *Commonwealth* v. *Judges, 10 Pa. St. 37 ; Sarle* v. *Scituate, 7 R. I. 270 ; Walker* v. *Dougherty, 14 Ga. 653 ; Dean* v. *Biggers, 27 Ga. 73 ;* or guardian, *State* v. *Mc-Kown, 21 Vt. 503 ; Smith* v. *Davis, 45 N. H. 566.*

An appeal from an order of the surrogate refusing probate to a will deprives him of power to appoint an administrator pending the determination of such appeal, *Hicks* v. *Hicks, 12 Barb. 322 ;* see *Bradford* v. *Boudinot, 3 Wash. C. C. 122; Hayes* v. *Hayes, 75 Ind. 395.*

The reversal of a surrogate's decree admitting a will to probate, on a question of fact and an issue awarded thereon, does not suspend the executor's functions until the final determination of such issue, and a revocation of the probate by the surrogate, and notice thereof to the executor, *Thomson* v. *Tracy, 2 Bradf. 325, 60 N. Y. 174;* see *Fisher's Case, 15 Wis. 511 ; Offut* v. *Gott, 12 G. & J. 385 ; Floyd* v. *Herring, 64 N. C. 409 ; Hoyt's Case, 31 Hun 176.*

But if the executor should die pending the appeal, letters *de bonis non* granted to his executor on the estate of the first testator could not be ques-

such.   On the other hand it is insisted that his term of office
expired when the executors qualified.   The effect of an appeal
from the decree of a probate court is to suspend the operation of
the decree appealed from.   *1 Wms. Exrs. 588; Allaire* v. *Allaire,*
*8 Vr. 312.*   The executors therefore have now no power to act.
The exercise of their functions is wholly suspended until the ap-
peal shall have been determined.   The functions of the adminis-
trator *pendente lite* were suspended while the decree stood unap-
pealed from, but the appeal revived his powers.   In *Dunham* v.
*Dunham, 16 Gray 577,* where executors, upon the admission of
the will to probate, gave bond under the law of Massachusetts,
upon entering upon the duties of their office, and afterwards
there was an appeal from the decree establishing the will, and
the decree was affirmed ; it was held that the bond was not
vacated by the appeal but only suspended in its operation, and
that accordingly no new bond was necessary upon the affirmance.

tioned collaterally, *Finn* v. *Hempstead, 24 Ark. 111;* see *Clemens* v. *Walker, 40
Ala. 189 ; Slade* v. *Washburn, 3 Ired. 557.*

An appeal from an order revoking the probate of a will does not revive
the powers and functions of the former executor, and the court has power to
appoint an administrator to take charge of the estate, *Crozier's Case, 65 Cal.
332.*

Where permanent administration has been granted, and an appeal there-
from taken, the temporary administrator continues in office until the appeal
is disposed of, and the permanent letters affirmed.   *Gresham* v. *Pyron, 17 Ga.
263 ; Robinson's Estate, 12 Phila. 14.*

If an appeal from the appointment of an administrator be discontinued, his
powers, which have been suspended meanwhile, revive.   *Fletcher* v. *Fletcher,
29 Vt. 98.*

*Query.* Whether an action begun by or against an administrator *pendente
lite* would be abated by the termination of the litigation wherein he was ap-
pointed, *1 Wms. on Exrs. 490, 492 ; Davis* v. *Chanter, 2 Phillips 545 ; Scoffield*
v. *Craddock, 7 Harr. & Johns. 40 ; Smith* v. *Davis, 45 N. H. 566 ; Cowles* v.
*Hayes, 71 N. C. 230 ; Morrison* v. *Cones, 7 Blackf. 593 ; Broach* v. *Walker, 2
Ga. 428 ; Hunt* v. *Wilkinson, 2 Call 49 ; Hall* v. *Pearman, 20 Tex. 168 ; Nat.
Bank* v. *Stanton, 116 Mass. 435 ; McDonald* v. *O'Connell, 10 Vr. 317.*

An appeal will not lie from the appointment of an administrator *pendente
lite, Pratt* v. *Kitterell, 4 Dev. 168.*   See *Lawrence* v. *Parsons, 27 How. Pr. 26 ;
Wade* v. *Amer. Col. Soc., 4 S. & M. 670 ; Ellmaker's Estate, 4 Watts 34;* or
from his removal, *Flora* v. *Mennice, 12 Ala. 836;* but it has been held to lie
from a refusal to appoint, *Gresham* v. *Pyron, 17 Ga. 263.*—REP.

An administrator *pendente lite* is appointed to do duties that no one else can do for the estate. The appointment arises from the necessities of the estate, which otherwise would be unprotected, and is for its benefit, and also for the benefit of the creditors. Although the functions of the administrator cease when the suit in which he is appointed is at an end, the suit is not at an end if there be an appeal from the decree granting general administration or the decree granting probate as the case may be, until the appeal shall have been determined. In the Vanderveer will case (before the late Chancellor Zabriskie, as ordinary), it was considered that the administrator *pendente lite* appointed in this court, in which the will was propounded for probate, would, under his appointment by this court continue to act as such during the pendency of the appeal to the court of errors and appeals. In the case under consideration the effect of the appeal is to continue the administrator *pendente lite* in office, and continue his functions accordingly until the determination of the appeal. It may be added that since the appeal has suspended the powers of the executors, there is no one to whom the administrator *pendente lite* could account. He will hereafter act under the directions of this court.