In the matter of the estate of PERCEVAL ANNIN, deceased.

[Argued and decided January 17th, 1922.]

1. Since the orphans court and the prerogative court have concurrent jurisdiction of the probate of wills, proceedings in the matter of the probate of a will in the latter court will be stayed on motion of the proponent of a later will in the orphans court.

2. Where such proceedings are so stayed, an administrator *pendente lite* appointed by the orphans court should be allowed to take the estate into custody pending litigation in that court with directions, if the will is sustained, to yield the funds to the executor receiving letters testamentary, and if not sustained, to surrender them to the administrator *pendente lite* appointed by the prerogative court.

---

On motion to stay proceedings.

*Mr. Walter L. McDermott,* for the motion.

*Messrs. Coult & Smith (Mr. William A. Smith), contra.*

BACKES, VICE-ORDINARY.

Perceval Annin died December 23d, 1921, leaving two testaments, one bearing date August 18th, 1916, the other February 1st, 1921. The later will is absolutely repugnant to the earlier one. The earlier will was offered for probate in this court by the executor therein named seven days after death, December 30th, 1921. On the eleventh day after the deceased died (January 3d, 1922), the later will was offered for probate to the surrogate of Hudson county by the executor therein nominated, and caveats having been filed, citation issued out of the orphans court

of the county January 6th. Citations issued out of this court January 12th. On January 3d an administrator *pendente lite* was appointed by this court, and on January 10th the orphans court also appointed one.

The proponent in the orphans court now moves to stay the proceedings in this court and to suspend the duties of the administrator pending the contest in the orphans court. The orphans court and the prerogative court have concurrent jurisdiction of the probate of wills, and as the orphans court has taken cognizance of the testament last executed, no useful purpose can be served by probating the earlier one at this time in this court. That function should await the outcome of the contest in the orphans court, for, if that document is sustained as the last will and testament of the deceased, the judgment, automatically, will bring the inquest in this court to an end. If, on the other hand, the orphans court refuses probate, the inquiry into the execution of the will presented here may then proceed to judgment. A stay will conserve energy and expense.

The administrator *pendente lite* appointed by the orphans court ought, under the circumstances, to be allowed to take the estate into custody pending the litigation in that court. If the testament is sustained by the orphans court, he will yield the funds to the executor receiving letters; if it is not, he will surrender them to the administrator *pendente lite* appointed here. I grant the motion and will advise an order accordingly.