An order of the surrogate of Essex county admitting to probate the last will and testament of James G. Barnett, deceased, was reversed by the orphans court and an appeal was taken to this court. The contending parties have reached a settlement and have joined in a petition praying that the administrator pendentelite appointed by the orphans court account in this court. They ask it on the ground of greater convenience to facilitate the settlement. The administrator has expressed himself as content to submit himself if this court has jurisdiction to allow his account and to discharge him of his trust. He may with propriety account in either court, primarily in the orphans court; in this court if it takes over the administration of the estate and orders him to do so. The sole duty of an administrator pendentelite is to conserve the estate during the litigation. The assets are in custodia legis; he is the custodian. Davenport v.Davenport, 68 N.J. Eq. 611. He is the representative of the court of his appointment, and of this court, on appeal. This court, on appeal, functions under its original jursdiction over wills and administrations as though the will had been presented for probate, or application for administration had been made to it in the first instance (Kayhart v. Whitehead, 77 N.J. Eq. 12), and acquired jurisdiction over the estate, and retains and administers it if it issues the letters testamentary or of administration. The office of administrator pendente lite
attends and is an adjunct to the jurisdiction over the estate as it is, for the time being, exercised in either court. The assets in his custody follow the administration pari passu. The source of the appointment is unimportant. When this court, upon appeal, exercises its original jurisdiction, he is amenable to its orders and under its control. It was so held by Chancellor Runyon inBrown v. Ryder, 42 N.J. Eq. 356. In that case an appeal to this court was taken from a decree of the orphans court admitting to probate the will of Brown, deceased. An administratorpendente lite had been appointed, and pending the appeal a petition was addressed to the ordinary to restrain the executor and to allow the administrator *Page 224 pendente lite to continue. In disposing of the motion the ordinary said: "In the Vanderveer Will Case [before the late Chancellor Zabriskie, as ordinary], it was considered that the administrator pendente lite appointed in this court, in which the will was propounded for probate, would, under his appointment by this court, continue to act as such during the pendency of the appeal to the court of errors and appeals. In the case under consideration the effect of the appeal is to continue the administrator pendente lite in office, and continue his functions accordingly until the determination of the appeal. It may be added that since the appeal has suspended the powers of the executors, there is no one to whom the administratorpendente lite could account. He will hereafter act under the directions of this court." No order was made upon the deliverance. Presumably, it was deemed that he acted by operation of law and not by appointment; and it appears by the files that the court ordered him to pay the administration expenses and counsel fee. The case was finally settled out of court and the decree dismissing the appeal affirmed the judgment of probate and remitted the cause, and, consequently, the administratorpendente lite accounted in the orphans court to the executor previously appointed by that court. The estate followed the administration.
When the cause is in this court on appeal, the administratorpendente lite, upon the termination of his trust, may, and must when ordered, account to the executor or administrator in the court appointing the executor or administrator; in this court if the case is retained, or in the orphans court if the record is remitted. If, on appeal, no appointment of executor or administrator has previously been made in the orphans court, this court, upon either affirmance or reversal, retains the cause and grants letters. This is the common practice, although the court may, in its discretion, remit the cause for the appointment to be made in the orphans court. If the appointment has been made below and the decree is affirmed, the cause is remitted. In Read v.Drake, 2 N.J. Eq. 78, on appeal from an orphans court decree appointing a guardian, the decree was reversed and guardianship awarded to another, and it was ordered that the letters issue out of this *Page 225 
court. In Sanderson v. Sanderson, 52 N.J. Eq. 243, the orphans court was reversed and the will was probated in this court and letters granted. In Hill's Case, 55 N.J. Eq. 764, the appointment of an administrator by the orphans court was reversed and another appointed by this court. In that case Vice-Ordinary Reed observed: "The question remains whether this court will send the record back to the orphans court or will make the appointment of an administrator. It can do either. The usual practice is to complete the judicial act in this court, as the proceeding is a trial de novo." In Brown v. Ryder, supra, the orphans court, upon admitting the will to probate, granted letters testamentary and the executor qualified, and on an appeal and affirmance the cause was remitted. Osborn v. Rogers, 19 N.J. Eq. 429,
was an appeal from the orphans court setting off dower. Upon reversal it was held that the proceedings could be continued in this court. In Runkle v. Gale, 7 N.J. Eq. 101, upon reversal of an order of the orphans court restating a guardian's account, it was ordered that the account be restated in this court. In re Annin, 93 N.J. Eq. 416, an earlier will was offered for probate in this court and an administrator pendentelite was appointed. Afterwards, a later will was offered in the orphans court and a pendente lite administrator was there appointed, and on motion the administrator appointed by this court was stayed until the outcome of the contest in the orphans court, which, if favorable to the will there in question, would have put an end to the inquiry here upon the earlier will, and it was said that "if the testament is sustained by the orphans court, he [the administrator pendente lite] will yield the funds to the executor receiving letters; if it is not, he will surrender them to the administrator pendente lite appointed here." In that case this court was exercising a concurrent jurisdiction with the orphans court, and, independently, over a will brought to it for probate, and was not exercising its original jurisdiction on appeal from the orphans court over the subject-matter before that court, and the administrator pendentelite of that court was not under our jurisdiction. Consequently, upon his office coming to an end by a denial of *Page 226 
probate in the orphans court he would surrender to our administrator pendente lite.
The question as to what extent the jurisdiction of the orphans court, in the administrator of an estate, is superseded by an appeal to this court, considered by Chancellor Walker (In reWandell, 92 N.J. Eq. 195), and referred to by him (In reBigelow, 94 N.J. Eq. 721), is not involved. And Vice-Chancellor Buchanan's view (In re Fulper, 132 Atl. Rep. 834), in which he held that this court, in the exercise of its purely appellate jurisdiction, cannot entertain grievances not complained of in the petition of appeal, has no bearing. In the Wandell Case the power of the orphans court to make an award of counsel fee and expenses out of the estate while an appeal was pending in this court from a decree admitting a will to probate, was sustained, the chancellor holding "that an appeal from the orphans court to the prerogative court removes only the particular question adjudicated and which is appealed from, leaving all other matters in the trial court subject to appropriate action and proceedings." It is not inharmonious with this doctrine to require the administrator pendente lite to account in this court, where the estate is to be finally administered. The appeal did not remove his office or its administration. As custodian for the law be became subject to this court, by operation of law, for the purposes of the appeal, and the direction to account does not implicate matters not removed by the appeal and leaves them "subject to appropriate action and proceeding" by the trial court.
As the appeal now stands, upon the settlement, an order denying probate will be entered and an administrator will be appointed by this court, and the administrator pendente lite will account to such administrator in this court. *Page 227