Stokes, C. J.
This petition, the object of which is to set aside the decree made in the case of Bill v. Mason, or to open that case for the purpose of giving the present petitioner an opportunity to make defense therein, is sought to be sustained on the ground that it divested him of the title to the land in question which he obtained by the deed to him from Mason.
It is very clear that by that deed from Mason, to whom the legal title had been conveyed by Bill, the acknowledged owner, the petitioner acquired and still retains a perfect legal title to the land, under which, if he is in the possession of it, he can at law protect himself in that possession, or if not in possession can acquire it by an action of ejectment; and that therefore, having an adequate remedy at law for the protection or enforcement of such title, he has no occasion to resort to a court of *487 equity for that purpose, and the present bill can not be sustained. His legal title being thus perfect, and the aid of a court of equity not being necessary *in order to [ *597 ] strengthen or confirm it, it is not competent for him to resort to that court under a mere apprehension that the defendant may hereafter bring a bill in equity against him for the purpose of divesting him of his legal title upon some equitable ground. It is a sufficient answer to the plaintiff that he is not yet disturbed by the defendant, and that it will be time enough for him to meet such a claim when it shall be made bv the defendant. A claim which the defendant may never seek to enforce, the plaintiff can not thus set up by anticipation for the purpose of overthrowing it, but he must wait until the defendant himself asserts it. The decision of this case must therefore turn upon the effect of the decree which has been mentioned upon the legal title of the petitioner thus acquired; and we are of the opinion that, whatever effect it may have in equity upon that title, it would not be available in a court of law as a defence against it.
In the first place, the general principle of law that a judgment or decree binds or affects only the parties to the case in which it was rendered or their privies, would exclude the introduction of the decree in favor of Bill against the plaintiff, as the latter was not made a party in that case ; and his title having been acquired subsequently to that upon which the decree operated and prior to the passing of that decree, there was no such privity between the plaintiff and the party against whom that decree was rendered, that the former in a court of law is affected by it. In the next place, whatever title was passed by that decree was the title of Mason only, the defendant in that suit, and no such title was passed excepting that which he had when the decree was rendered. And his legal title having been previously conveyed to the plaintiff, the title thus passed was founded only upon an equitable interest in Bill in the land, existing previously and down to the rendering of the decree. Indeed the ground of Bill’s petition was only to turn an equitable interest which he claimed into a legal title by the decree of the court, and the effect of that decree was only the same as if the court, ^instead of thus passing directly, [ *598 ] under our statute, the title of Mason to Bill, had, as it might have done, ordered Mason himself to convey his title to Bill, and he had conveyed it accordingly; in which last case there is no doubt that the conveyance to Bill would have taken effect, as a legal instrument, only from the time of its execution ; and it would not have related back to the title of Mason, either *488 at the commencement of the petition, or the arising of Bill’s equity, or indeed at any time prior to the execution of the deed by Mason. That such only was the effect of the decree is evident from the language of the statute by virtue of which it was rendered, by which, after authorizing courts of equity to “ pass the title to real estate by decree, without any act on the part of the defendant, when in their judgment it shall be the proper mode to carry the decree into effect,” it expressly declares that such decree, having been recorded as therein provided, “ shall, while in force, be as effectual to transfer the same as the deed of the defendant.” Rev. Stat., tit. 12, § 22. It thus plainly intended only to provide that a court of chancery might, at its discretion, substitute a new mode of vesting the title to land in certain cases, for the one which by the course of that court it was customary previously to adopt. When, therefore, the decree passing the title was made upon Bill’s petition, the legal title to the land had become vested in the present petitioner, and was not affected by that decree.
But it is suggested that the snit in equity brought by Bill against Mason was pending when Mason conveyed to the petitioner, and that therefore the latter is bound by the decree in that case. This claim is founded upon .the principle, that a person acquiring rights from another against whom a suit is pending by which those rights may be affected, is bound by the proceedings and decree in such suit. Whatever may be the extent to which this doctrine of lis pendens is carried elsewhere, or is to be adopted here, it being now for the first time brought before our courts, we are of the opinion that it is not necessary for us in this case to examine it, because it is purely [ *599 ] an equitable dogtrine, ^adopted,’ recognized and enforced in courts of equity alone, and can not be rendered available in proceedings in courts of law; and therefore, in an action at law inywhich the legal title only of the plaintiff should come in question, that title could not be met or impaired by an application to it of a merely equitable principle, the cognizance of which^is confined to courts of chancery. And if, in the present controversy, the defendant can avail himself of that principle on his petition against Mason, he can do so, not in an action at/law between himself and the plaintiff, but only by a petition in chancery founded on a claim for equitable relief, which is cognizable in that court only. Whatever ground he might there have for relief, it does not therefore impair or affect the present legal title of the plaintiff or any proceeding founded upon it in a court of law, and consequently does not take from the plaintiff his present remedy at law founded on that title, *489 and which, being there perfect, renders it unnecessary for him to come into chancery. Not intending to intimate any opinion in regard to the extent to which the doctrine of Us pendens should be applied in this state, especially as to titles to real estate, we would however suggest that it'is deserving of serious reflection, whether, considering our registry system and its policy, and the difference of practice prevailing here and elsewhere as to the mode of instituting chancery proceedings, it would not be necessary, at least, so to modify the doctrine of lis pendens prevailing elsewhere, that it should not bear upon the honest acquisition of a title upon which on our records of titles there appears to be no incumbrance, or upon those proceedings in chancery here of which it is not possible by any inquiry or diligence under our present system to obtain the slightest knowledge.
The judgment complained of is therefore affirmed.
In this opinion the other judges concurred.
Judgment affirmed.