Rogers, et al., v. Dively, Adm.

———o———

MARY GILLIS ROGERS, *et al.*, Respondent, *vs.* MICHAEL DIVELY, Administrator of WILLIAM GILLIS, deceased, Appellant.

1. *Wills—Contests touching, in Circuit Court—Appointment of temporary administrator.*—In case of proceedings in the Circuit Court under the statute, (W. S. 1368, § 29) to contest the validity of a will, the Probate Court is authorized to suspend the functions of the executor named in the will, and to appoint a temporary administrator *pendente lite.* (See W. S., 72, § 13). The authority of the Probate Court is not confined to contests arising in that tribunal.

*Appeal from Jackson Circuit Court.*

*Hicks, Sheley and Black*, for Appellant.

I. Sec. 13, Art. I of the Administration Act relates wholly to cases where the will is first presented for probate, and makes provisions only where the nominated executor for the time being cannot be appointed. This construction gives to the statute its full force and does no violence to its language, as does the construction placed upon it by respondents.

*J. Merriman & W. Hough*, for Respondents.

I. The object of § 13, Art. 1, of the Act on Executors and Administrators, undoubtedly was, that the will should not be executed while its validity was being contested, and that the property devised should be placed in the hands of some disinterested person, to be preserved for the parties who might appear to be entitled thereto; and the reason for this provision applies with as much force to a contest in the Circuit Court, as to a contest (*if there can be one*) in the Probate Court.

II. No adjudication in the Probate Court of a contest touch-

13—VOL. LI.

ing a will, can prevent another under § 29 of the Act touching Wills (W. S. 1368). The two sections are *pari materia* and must be taken together.

Ewing, Judge, delivered the opinion of the Court.

This was a proceeding instituted by the respondents in the Probate Court of Jackson county, at the August term 1870, to revoke the letters testamentary, granted Mary A. Troost as executrix of the last will and testament of William Gillis, deceased, by said Probate Court, and to suspend all her power and authority as executrix under the same, and asking for the appointment of an administrator *pendente lite.* The plaintiff had previously instituted suit in the Circuit Court of Jackson County, to contest the validity of the said will. By the will, said Mary A. Troost was named as executrix and sole devisee, with the exception of a nominal sum bequeathed to the plaintiffs. The will was admitted to probate in November, 1869. The Probate Court, by its order made at the August term, 1870, suspended the letter testamentary granted to said Mary A. Troost, and all her power and authority under and by virtue of the same, during the time of such contest; and granted letters of administration to Michael Dively, with an order that he take charge of the property belonging to said estate, and administer the same during such contest. From this order the defendant took an appeal to the Circuit Court of Jackson County, where after a hearing of the cause, a similar order and decree to that of the Probate Court were made, suspending the letters and all power and authority by virtue thereof, during the time of the contest of said will. A motion for a new trial having been overruled the cause is brought here by appeal.

Mary A. Troost having died since the transcript was filed in the court, the suit was renewed in the name of Michael Dively, who had been appointed administrator *de bonis non* with the will annexed of the said Gillis.

It is maintained for the appellant that the order of the Probate Court in suspending the letters testamentary of Mary A. Troost and her authority under them, was unauthorized by

law, and it is claimed that the only case in which such a power can be exercised by the Probate Court is, where the will is presented in that court for proof in the common form, that it is only when there is a *contest* concerning the will in *that court*, that any authority exists to suspend the functions of the executor named in the will, and appoint a temporary administrator.   This view is manifestly erroneous, and such a construction would so restrict the operation of the law as to render it almost, if not quite nugatory.   The 13th sec., art. 1 of the administration law provides, that if the validity of a will be contested, or the executor be a minor or absent from the State, letters of administration shall be granted during the time of such contest, minority or absence, to some other person, who shall take charge of the property and administer the same according to law under the direction of the court; and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act. (1 W. S. 72).   The statute concerning wills provides, that if any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and by petition to the Circuit Court of the County contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made, etc.   (§ 29, 2 W. S., 1368).   These provisions have been the law of this State since 1825, and being in *pari materia* should be construed together as parts of different statutes relating to the same subject matter, and having the same object.   When thus viewed, the meaning of the section of the administration law above quoted becomes obvious.

In the proceeding to set aside or establish a will in the Circuit Court, all persons interested in the estate of the deceased, must be made parties either as plaintiffs or defendants. This is always necessary when the will is presented for proof in the solemn form.   On the contrary when the will is produced for probate in the common form, no notice or citation to the parties in interest to appear is required by law, or necessary.   If it be conceded however, that persons interest-

ed in the estate may appear, and contest in the Probate Court the validity of a will, or the sufficiency of the proof on which it is proposed to admit it to probate, yet if the act be so construed as to limit the authority of the Probate Court to the appointment of a temporary administrator, pending such proceedings only, the manifest object of the act would be but partially attained, if not wholly defeated. The result of such a construction would be, that in cases where the will is either admitted to probate without opposition or contest as in the case at bar, or rejected and proceedings are subsequently instituted in the Circuit court to contest its validity, or to have it proved, which may continue for years before a final adjudication is had, the power of the Probate Court in this respect, would be exhausted, at a point where it is most important that it should begin and be called into exercise. The act invests the special administrator with such large powers in the management of the estate, as clearly to imply that the litigation concerning the will would be likely to cause much delay, which might result in detriment to the estate and those interested therein, if no provisions were made for its administration and control in the mean time, by some other than the executor, whose authority depended upon the result of such litigation. It is evident therefore to my mind that the law was enacted in view mainly, if not solely, of the proceeding which is authorized by the statute concerning wills above quoted.

The judgment of the Circuit Court is affirmed.