ALFRED W. LAMB, Adm'r *pendente lite* of JOHN B. HELM, Dec'd, Defendant in Error, *vs.* MARY A. HELM, Adm'x with the will annexed of JOHN B. HELM, Dec'd, Plaintiff in Error.

1. *Wills—Contests touching—Administrator—Functions suspended—Appointment of administrator, pendente lite—Construction of statute.*—Where proceedings are commenced in the Circuit Court under the statute (Wagn. Stat., 1368, § 29,) to contest the validity of a will, the Probate Court is authorized by virtue of § 13, of the Administration Act, (Wagn Stat., p. 72,) to suspend the functions of the executor or administrator, and to appoint a temporary administrator *pendente lite.* The latter section was enacted mainly, if not solely, in view of proceedings authorized by the statute touching wills.

This authority to suspend and supersede during the contest applies not merely to the case of an executor named in the will, but is broad enough to reach that of an administrator with the will annexed, who derives his power solely from appointment by the Probate Court.

2. *Executors—Powers derived chiefly from appointment.*—The power of an executor under our law to act as such is derived, not so much from the will of the testator as, from the appointment of the court and a compliance with the law.

3. *Administration—Section 13 of act—Words "other person"—Construction of.*—Section 13 of the Administration law (Wagn. Stat., p. 72,) provides that "if the validity of a will be contested or the executor be a minor or absent from the State, letters shall be granted during the time of such contest, minority or absence, to some other person." *Held,* that a proper construction of the words "other person" would seem to be that a person other than, or different from the one charged with the execution of the will—whether named in the will or not—shall be appointed to take charge of the estate during the contest.

4. *Wills—Probate of—Contest touching proceedings in Circuit Court—Onus probandi.*—When a contest is commenced in the Circuit Court under our statute concerning wills, either to establish a will which has been rejected by the Probate Court, or to contest the validity of a will which has been allowed and probated in the Probate Court, in either case the party who relies on, or asserts the validity of the will must prove it up in the same manner, and to the same extent, as if no action had been taken by the Probate Court.

5. *Wills—Contest over—Appointment of administrator pending—Wife has no priority under § 6 of Administration law—Const. statute.*—Section 6 of the administration law (Wagn. Stat., p. 72,) does not give preference to the wife over others to be selected under § 13 of same act, as special administrators pending contest over the will of the deceased husband. Section 6 refers to the appointment of general administrators, who are to administer and distribute the estate, and has no reference to special administrators appointed to preserve the estate under order of court.

*Error to Hannibal Court of Common Pleas.*

*Geo. H. Shields,* for Plaintiff in Error.

I. The powers of administrators *pendente lite* are simply those of a collector of the estate, while no authorized person to do so is existing. (Ellis vs. Deane, Beatty, pp. 5-12; Walker vs. Woollaston, 2 P. Wm's, 589; Wills vs. Rich, 2 Atkyn's, 284, 5; 1 Wil. Ex'rs., 311–13.)

II. Such administrator will not be appointed where there is a general administrator appointed and qualified to act. (Searls vs. Scott, 6 S. & M., 246–50; Boyd vs. Swing, Adm., 38 Miss., 182–196; Mortimer vs. Paull, 39 Law J., 47, Pro. Matters; Dayt. Surr., 234.)

III. Nor can he be appointed after probate of will. (Atkinkinson vs. Henshaw, 2 Ves. & Beames, 84, 91, 92; Ball vs. Oliver, 2 Ves. & Beames, 95, 96, 97; Knight vs. Duplessis, 1 Ves., 324; Griffith vs. Frazier, 8 Cranch. [S. C.], 9–19; 1 Lomax Ex'r. § , IV, 165.)

IV. Such administrator will not be appointed unless manifest necessity appear therefor. (Sutton vs. Smith, 1 Lee., 207–9; Maskeline vs. Harrison, 2 Lee., 258–9; Goodrich vs. Jones, 2 Curteis, 453, 454; Dayt. Surr., 231.)

V. An administrator *pendente lite* is never appointed for the purpose of putting a party in possession of an estate. (Northey vs. Cock, 1 Adams, 326, 329.)

VI. The only limited administrations are those provided for in the statute. The statute is declaratory of the law as it existed before its passage. No power exists in the Probate Court, except the statutory power which is to be construed strictly. (Dayt. Surr., 231 232, 234.)

VII. The administrator does not derive his right or authority from the will, but from the appointment of the court. The executor derives his right to be qualified from the will. His letters are merely an authentication of that power. Hence, no reason exists why, in case of a contested will, an administrator should be substituted by an administrator *pendente lite.* (Will. Ex'rs, pt. 1, B. 4, 159 to p. [239]; Dayt. Surr., 195, 232, 233; Stagg vs. Green, 47 Mo., 500.)

VIII. If we construe the statute relied on by the plaintiffs by the light of these authorities, the words "if the validity of a will be contested," are limited to such contests as affect the right of executorship.

The section to be construed prescribes three classes of cases, only, in which the appointing power can be exercised. These classes show, that the question in the mind of the legislature was the executor's right to demand confirmation by the Probate Court of the inchoate authority conferred by the wife. Where this right is disputed, power is granted to substitute limited administrators for the executor. The reason for such appointment is the incapacity of the executor to act, his right being contested.

The construction of the words "some other person" evidently is, that those words mean some person other than the incapacitated or contested executor named in the will. The statute referred to is, in its nature, declaratory of the law as it existed before the statute was passed. (Geyer's Digest, p. 44; 1 Mo., Territorial Laws, 1822, p, 921; Gen. Statutes Mo., 1825, p. 94, § 6; Gen. Statutes Mo., 1835, p. 42, § 9; Gen. Statutes Mo., 1845, p. 64, Ch. 3; § 11; Gen. Statutes Mo., 1855, p. 115, Ch. 2, § 13; Gen. Statutes Mo., 1865, p 481, Ch. 120 § 13; 1 Wagn. Stat. Mo., 1872, p. 72, Chap. 2, Art. 1, § 13.).

In the first of these laws, the power was given to appoint limited administrators during the "minority or absence of the executor," or in cases of "contested wills," to appoint a collector to collect and preserve the estate of the decedent until a probate of his will, or administration of his estate be granted.

In 1822, it provided for the appointment of an administrator with limited powers in all three classes of cases named, or "of some person, or persons to collect and preserve the estate." The power was given to the County Courts or "clerk in vacation" showing that the intention was to "collect and preserve the estate," and to have such appointment made, when necessary, before probate of will, but not afterwards. In 1825, the law of 1822 was substantially re-enacted. In 1835, the

section as it now stands was enacted at the revising session of the legislature, and was re-enacted without change in 1845, 1855, and 1865.

This section is identically the same in meaning, as the law of 1815,–22, and–25, though expressed more concisely. The same three classes of cases are referred to as in the previous laws.

The central idea of the enactment is, the collection and preservation of the estate still—the appointment of some person whose authority to administer continues till the "executor or regular administrator is qualified to act." His authority is limited just as in the law of 1815, until the probate of his will, or administration of his estate be granted, because the limitation is to the time, until the "executor or regular administrator is qualified to act."

This section of 1865, is explained and construed by the laws of 1815,–22 and–25, and the inevitable conclusion is, that it refers to contests prior to probate, and those involving the right to the executorship, and none other.

The statutes show that the power of appointing administrators *pendente lite*, only exists before probate, in contests involving the "validity of a will," as affecting the right to be executor, because provision is made for the appointment of an administrator in all cases after probate. (1 Wagn. Stat., p. 72, § 10; p. 77, § 46.)

If necessary to appoint an administrator *pendente lite* the widow should have been appointed. "Letters of administration shall be granted, first, to the husband or wife; secondly, to those who are entitled to distribution, &c. (1 Wagn. Stat., 72, Chap. 2 § 6; 1 Williams on Exec., 288-9.) "After probate of will, letters testamentary shall be granted to the persons therein appointed executors. If all such persons refuse to act, or be disqualified, letters shall be granted to the person to whom administration would have been granted if there had been no will." (1 Wagn. Stat., 72, Chap. 2, § 10.) "If all the executors or administrators of an estate die, &c., letters" * * * "shall be granted to those, to whom administration

would have been granted if the original letters had not been obtained." * * * &c. (1 Wagn. Stat., 77, Chap. 2, § 46.)

If these sections mean anything, they mean that the policy of the law is to grant administration in every case to the parties preferred under the law. The general letters of Mary A. Helm were rightly revoked. The case stood exactly as in the case named in the 10th section, where the "executors are disqualified," and she was entitled to letters *pendente lite.* Especially so, as the testator requests in his will that the administration of his estate do not pass out of his family. Unless the person entitled to preference in administration is within the cases enumerated in the statute (1 Wagn. Stat., p. 75, § 35), he cannot be excluded from his right to administer. (Harrison vs. McMahon, 1 Bradf. [Surr.], 283; Coope vs. Loworre, 1 Barb. Chan., 45; Emerson vs. Bowers, 14 N. Y., 449; McMahon vs. Harrison, 10 Barb.. 659; Mullanphy vs. County Court, 6 Mo., 563.) There cannot be two administrators at the same time on the same estate. (Post vs. Caulk, 3 Mo., 35; Griffith vs. Frazier, 8 Cranch., 9–19.)

The Probate Court having appointed a general administrator, could not revoke her letters, without cause being shown therefor, and this position is not controverted in the case of of Rogers vs. Dively, 51 Mo., p. 193. That refers to executors alone.

*J. L. Robards & T. H. Bacon*, for Plaintiff in Error.

The Ecclesiastical Courts "refuse to grant administration pending suit merely to take property out of the hands of a litigant party in possession of it." (Northey vs. Cock, 1 Ad., 326; Sutton vs. Smith, 1 Ca. Temp. Lee, 207; Maskeline vs. Harrison, 2 Lee, 258; Goodrich vs. Jones, 2 Curteis Ecc., 453; Walker vs. Woolaston, 2 P. W., 576; 1 Williams' Ex'rs, 5 Am. Ed., 431; * 433; Mortimer vs. Paull, 2 Law Reg. 85.) And our statutes nowhere permit a surrender of property by an administrator to an administrator *pendente lite,* (Wagn. Stat., p. 77, § 47,) or allow co-ordinate administrations on the same estate. (Post vs. Caulk, 3 Mo., 24, 25; Coltart vs. Allen, 40 Ala., 155; Haynes vs. Meeks, 20 Cal., 288;)

and nowhere provide for any suspension of letters of administration, or make the contest of the validity of a will a ground for revocation of such letters. (Wagn. Stat., 72, § 8; *Id.* 75, §§ 32, 33, 34, 35.) And therefore the grant of administration *pendente lite*, authorized by § 13, applies only to cases where no regular administration is in being. (Minnikhuysen vs. Magraw, 35 Md., 280 ; Matthews vs. Douthitt, 27 Ala., 273 ; Hyman vs. Gaskins, 5 Ired., 267; The Justices vs. Selman, 6 Ga., 402; Griffith vs. Frazier, 8 Cranch, 9.)

II. The administrator *cum testamento annexo* must prove the will of the deceased, (2 Sharsw. Blackst., 508, 1863;) and may prove in solemn form (1 Williams' Ex'rs, 5th Am., 299, side 301); and probate in common form is binding on the world until set aside or reversed. (Jourdan vs. Meier, 31 Mo., 40 ; Creasy vs. Alverson, 43 Mo., 13 ; Dilworth vs. Rice, 48 Mo., 124 ; Dickey vs. Malechi, 6 Mo., 182; Benoist vs. Murrin, 48 Mo., 48; Tapley vs. McPike, 50 Mo., 589 ; Byrn vs. Fleming, 3 Head., 658, 662.)

III. In the case of a probate in common form, where the will is admitted to probate and the codicils appointing executors are rejected and the widow of the testator is appointed administratrix with the will annexed, upon a contested suit propounding in solemn form said will and codicils, the widow during such contest is entitled to be treated as administratrix *pendente lite*. (Patton's Appeal, 31 Penn. St., 366.)

IV. No will can be a complete will unless it appoints an executor (2 Sharsw. Blackst., 504, 1863 ; 1 Tucker's Com., 388), and our statutes of administration refer only to wills that are complete (Wagn. Stat., 72 § 10), and when § 13 provides for grant of administration to "some other person," it means "some other person" than "the executor" (Rogers vs. Dively, 51 Mo., 193), and an administrator, with the will annexed, is not an executor. (Phillips vs. Hartley, 3 C. & P., *In re* Ward, 5 N. Y. Surrogate, 254.)

V. The "some other person" whom § 13 designates as entitled to letters of administration *pendente lite*, must come from the class prescribed by § 6 (Mitchell vs. Peoples,

46 Mo., 203), and in this class the widow's right is paramount, and she is therefore primarily entitled to the grant of letters of administration *pendente lite.* (*In re* Root, 5 N. Y. Surrogate, 257; Durham vs. Roberts, 27 Ala., 701; Chegaray vs. Mayor, 13 N. Y., 220, 229; Lynson vs. Stanbridge, 2 H. & N., 51; Sandiman vs. Beach, 17 Barn. & Cress., 96; City of St. Louis vs. Laughlin, 49 Mo., 559, 564.)

VI. After a subscribing witness to a contested will has, on a contest of the will, testified against the soundness of mind of the testator, the appointment of such subscribing witness, administrator *pendente lite* of such testator's estate, is a gross abuse of the pretended power of the Probate Court. (Withington vs. Withington, 7 Mo., 589; Murphy vs. Murphy, 25 Mo., 326; Cravens vs. Faulconer, 28 Mo., 19; 1 Powell on Wills, 81; Smith's Probate Law, 22; Rees Adm'r vs. Stille, 38 Penn., Scribner vs. Crane, 2 Paige, 147; Hindson vs. Kersey, 4 Barnes' Eccl. Law, 85; 1Redfield on Wills, 36, 37, 96, 97, 98, 667; Supplement to Ves. Jr. Rep. Hovenden, Vol. 2, p. 174; Burrows vs. Locke, 10 Ves., 470; Brogdon vs. Brown, 2 Adams, 441; Walton vs. Shelley, 1 T. R., 300; Goodtitle vs. Clayton, 4 Burr., 224; Boatle vs. Blundell, 10 Ves., 204; Lowe vs. Joliffe, 1 Blackst., 365; King vs. Nueys & Galley, 1 Wm. Blackst.,416; Alsey Howard's Will, 5 Mon.,199; Tarrant vs. Ware, 25 N. Y., 425; Diggs' Case, Skinner, p. 29; Rice vs. Oatfield, 2 Strange, 1096; Delafield vs. Parish, 23 N. Y., 9, 77.)

*W. C. Foreman and Harrison, Anderson & Boulware,* for Defendants in Error.

I. Section 13, Art. 1 Administration Law, embraces proceedings instituted under authority of § 29 of the act relating to Wills. (Rogers vs. Dively, Adm'r, 51 Mo., 193.)

II. Section 13 is mandatory.

III. In a proceeding instituted under § 29 of the Statute of Wills, the burden of establishing every fact essential to make the proper writing a valid testamentary instrument, rests upon the propounder of the instrument. (Benoist vs. Murin,

48 Mo., 48; Tingley, vs. Cowgill, 48 Mo., 292; Williams vs. Robinson, 42 Verm., 658; *In re* Fisher, 15 Wis., 511; Rogers, vs. Dively, above cited; Redf.Wills, 227.)

The cause proceeds in the Circuit Court as though no action had been had by the Probate Court. The propounder again presents the instrument and asks the court by its judgment to establish it as the last will of the deceased, and the Circuit Court adjudges it to be, or not to be, such will. (See the authorities above cited, especially Williams vs. Robinson.)

IV. There is no right of priority in granting letters of administration *pendente lite.* The right as conferred by § 6, Art. 1, of Administration Law relates to general administration only. Temporary limited administration has been frequently held in England not to be within the similar statute of 21 Henry, 8, Ch. 5, § 3. It is discretionary to grant such administration to such person as the court may see fit. (Williams' Exc., 1, 395, 396, and cases cited in note X; also page 410, 411.)

VORIES, Judge, delivered the opinion of the court.

On the 10th day of June, 1872, an instrument was presented, purporting to be the last will and testament of John B. Helm, then deceased, in the Hannibal Probate Court, to be proved and probate thereon granted.

The instrument consisted of an original instrument executed in the year 1867, and eight supplemental instruments or codicils, executed at different times within the two years next preceding the death of Helm.

The codicils materially modified and changed the disposition of the property as made by the original will. The Probate Court admitted to probate the original instrument as the last will of Helm, and rejected the eight other instruments purporting to be codicils. The Probate Court then appointed Mary A. Helm, the widow, administratrix of the estate, with the will annexed as it had been admitted to probate, the executor named in the will being dead, and issued her letters of administration accordingly, after which she qualified as such.

Immediately after this, the administratrix, so appointed, in connection with others interested in the estate, filed her petition in the Hannibal Court of Common Pleas, under the provisions of section 29 of the statute concerning Wills (General Statute, 530), praying to have the instrument as originally presented in the Probate Court proved and allowed.

All parties in interest were made parties to this proceeding; part of them were personally summoned to appear, and others were notified by publication.

Those personally served appeared and answered, denying that the instrument offered to be proved was the last will and testament of the deceased.

After the commencement of the proceedings of Mrs. Helm and others, in the common pleas court, Joseph J. Johnson and others, parties interested in the estate, made their motion in the Probate Court, asking that the letters with the will annexed, before granted to Mrs. Helm, be revoked and that an administrator be appointed during the contest concerning the will in the commom pleas court. This motion was sustained and the court made an order in terms revoking the letters previously granted to Mrs. Helm, and granted letters of administration, during the continuance of the contest, to Alfred W. Lamb. Mrs. Helm at the time objected to these orders made by the Probate Court, and her objections being overruled, she excepted. The widow, Mrs. Helm, then made her motion in the Probate Court, to set aside the order appointing Lamb administrator, pending the contest of the will, and to grant administration, *pendente lite*, to her. This motion was overruled by the court.

From this action of the court of common pleas, the widow has sued out her writ of error, and has brought the case to this court.

The controversy in this case, as has been seen, grows out of an attempt on the part of Joseph J. Johnson and others, made in the the Hannibal Probate Court, to have the letters of administration with the will annexed, previously granted to Mrs. Helm on the estate of her husband, John B. Helm,

deceased, revoked, and another person appointed as administrator, during a contest in reference to the validity of the will, then pending in the Hannibal court of common pleas, under the provisions of the 29th section of the statute of this State, concerning wills.

The Probate Court revoked the letters of administration, with the will annexed, previously granted to Mrs. Helm, and appointed Alfred W. Lamb administrator, during the pendency of the contest, and afterwards refused to revoke the same and appoint Mrs. Helm, the widow, as administratrix during said contest, upon a motion filed by her for that purpose. From these orders of the Probate Court, the widow appealed to the Hannibal court of common pleas, where the order of the Probate Court, in granting the letters to Lamb, during the litigation or contest, and refusing such letters to the widow was affirmed, but the order revoking the letters previously granted to the widow with the will annexed, was reversed, and in lieu thereof, an order was made by the common pleas court, merely suspending her letters during the contest.

It is insisted here, that the court of common pleas erred in affirming the letters granted to Lamb, and in affirming the action of the Probate Court in refusing to grant said letters to the widow; that the Probate Court had no authority to appoint an administrator, *pendente lite,* where a will had been probated, and an administratrix appointed with the will annexed; that the authority to appoint an administrator during the time of the contest of a will, provided for in the 13th section of the first article of the act respecting executors and administrators, (Wagn. Stat., p. 72) is not applicable to contests under the 29th section of the statute concerning Wills, but only applies to contests in the Probate Court, before there is any probate of the will or any letters granted. And it is further insisted, that if such an appointment could be made during such a contest, that the widow is first entitled to the appointment, under the preference given her under the 6th section of the first article of the act respecting Executors and Administrators, (Wagn. Stat., p. 72).

The first question presented for consideration in this case, was fully presented and discussed in the case of Rogers vs. Dively, administrator, (51 Mo., 193). In that case, as in this, the will had been admitted to probate by the court having probate jurisdiction, and letters testamentary had been granted to the executrix named in the will; and in that case, as in this, after the probate of the will in the Probate Court, and the grant of letters testamentary, a proceeding was commenced in the proper court, under the 29th section of the statute concerning Wills, to contest the will, after which a motion was made in the Probate Court to revoke the letters testamentary, before granted to the executrix of the will, and to suspend her authority as such executrix, and asking for the appointment of an administrator, *pendente lite*. The Probate Court sustained the motion, suspended the letters testamentary before granted, and appointed Dively administrator, during the time of the contest of the will. The executrix appealed to the Circuit Court, where the action of the Probate Court was sustained, and the case brought to this court, where the judgment of the Circuit Court was affirmed, this court holding, that the 13th section of the act before referred to, was enacted mainly, if not solely, in view of the proceedings which are authorized by the statute concerning Wills. Therefore, that question need not be further noticed.

It is insisted, however, that there is a distinction to be taken between the present case and the case of Rogers vs. Dively in this, that in that case the executrix in the will had been appointed and qualified to act by the Probate Court, and that she was acting not merely by the authority she received from her letters testamentary, but that her powers were mainly derived from her appointment in the will, and that therefore while the will was in contest, her powers might properly be suspended, while, in the present case, Mrs. Helm was acting by virtue only of the power derived from her appointment by the Probate Court, and that she would still be qualified to act as administratrix of the estate, with the will annexed, notwithstanding the contest of the will, and that wherever there

is an administrator, qualified to act, already appointed, no administrator, *pendente lite*, can be appointed. I do not think that this distinction has much force. It is, to my mind more apparent than real. Executors in this State do not receive their authority to act, from the will alone, but they, as well as administrators, have to give bond and file the affidavit required by law, before they are fully installed in office. The executor does not, under our laws, become the legal owner of the personality of the deceased, by virtue of his nomination in the will, he must be regularly qualified and commissioned, under our statute, before he becomes fully authorized to act as executor.

The will points out the person to act, but his authority to act is mainly derived from his appointment.

The law points out the husband or widow of the deceased as the first entitled to administer, but their right to do so, and their power to act, still depend on the action of the Probate Court, and the 11th section of the administration act. Where there are two or more persons appointed co-executors in a will, the law expressly forbids any from acting or intermeddling with the estate except those who have given bond, (Stagg vs. Green, 47 Mo., 500).

It will be seen, therefore, that the power of an executor, under our law, to act as such, is derived not so much from the will of the testator, as from the appointment of the court, and a compliance with the law. By the 13th section of the administration law before referred to, it is provided that, "if the validity of a will be contested, or the executor be a minor, or absent from the State, letters of administration shall be granted, during the time of such contest, minority or absence, to some other person, who shall take charge of the property, and administer the same according to law, under the direction of the court, and account for, pay and deliver all the money and property of the estate to the executor or regular administrator, when qualified to act." It is insisted that the words "other person," as used in the foregoing section, mean a person different from the executor named in the will, and

the administratrix, with the will annexed, is another person within the meaning of the law, and that, therefore, there was no power vested in the court to appoint another administrator to act during the contest of the will.

It may be that by a technical construction of the section, the words, "other persons," would mean some person different from the one named as executor in the will, but the most rational and practical construction of the language used by the legislature, would seem to be that a person other or different from the one charged with the execution of the will, shall be apointed to take charge of the estate during the contest.

When a contest is commenced under our statute concerning Wills, either to establish a will which has been rejected by the Probate Court, or to contest the validity of a will which has been allowed and probated in the Probate Court, the effect is the same as if an appeal had been taken from the action of the Probate Court to the Circuit Court, where the question could be tried anew, just as if no action had ever been taken in the Probate Court. The party who relies on or asserts the validity of the will, must prove it up in the same manner and to the same extent as if no action had been taken by the Probate Court; in fact, the action of the Probate Court becomes wholly void by such contest, so far as the efficacy of the will is concerned. The effect of the contestant's petition and the proceedings thereunder, was to transfer the whole matter to the Court where the proceedings are pending. (Benoist vs. Murrin, 48 Mo., 48; Tingley vs. Cowgill, 48 Mo., 291; Williams vs. Robinson, 42 Verm., 658; 15 Wis., 511.)

In such case, the will being of no force or effect until it is proved and allowed in the court where the contest is pending, it would be wholly inconsistent with the rights of the parties for the executor to proceed to administer the estate, and carry out the provisions of a will while it was being contested, and might never be established; and I am unable to see the difference between the rights and powers of an executor and an administrator with the will annexed, in such case.

If the executor proceeds, he proceeds to carry out the provisions of a will that has not been proved or probated. If the administrator with the will annexed, proceeds, he must necessarily carry out the provisions of the will, and in the case now being considered, the executrix would be administering and carrying out the provisions of the will as probated in the Probate Court, while she, at the same time, is insisting in the common pleas court, that the will, as probated, is not the will of the deceased, but that it with eight codicils, constitutes the true will. This would be wholly inconsistent; and hence, another person should be appointed to take charge of the estate under the orders of the Probate Court, until it is determined whether there be a will or not, and what the will is.

But it is further contended, that if the Probate Court had the right to appoint an administrator to act during the contest, the widow was entitled to be preferred, and had a right to be appointed under the 6th section of the administration law, (Wagn. Stat., 72). That section reads as follows: " Letters of administration shall be granted, first, to the husband or wife, and secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court or clerk in vacation shall believe will best manage and preserve the estate."

This section refers to the appointment of general administrators, who are to administer and distribute the estate, and has no reference to special administrators to preserve the estate, under the order of the court, as provided for in the 13th section before referred to. Such special administrators occupy more nearly the position of a receiver, who acts under the directions of the court, than they do the position of a general administrator, and it is believed that such appointments were not contemplated by, or included in, the provisions of the 6th section above referred to. This disposes of the main points made in this case. There were some minor points made, but it is believed that they are either included ʳin, or governed

28—VOL. LVI.

by, the points already noticed, or are not material to a proper disposition of the case.

Judgment affirmed. Judge Napton, having been of counsel in the case, did not sit; the other judges concur.