McIlwrath v. Hollander.

---

McILWRATH v. HOLLANDER *et al.*, *Appellants.*

1.  **Lis Pendens in Suit to set aside Will.**  The method provided by section 3217, Revised Statutes, of affecting purchasers and incumbrancers with notice of the pendency of a suit by filing a written notice with the recorder, does not apply to the statutory proceeding to contest the validity of a will. The common law doctrine of *lis pendens*, however, does apply. A conveyance made by either the heir or the devisee pending such a proceeding, will be subject to any judgment which may be lawfully rendered therein.

2.  **Change of Venue:** JUDGMENT: LIEN FOR COSTS. A court to which a change of venue has been taken, may render any judgment which might have been rendered by the court in which the case originated. Thus, where a proceeding to contest the validity of a will was removed from one county to another, the court in the latter county had power to enter a consent decree subjecting land in the other county to a lien for costs.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS,
Judge.

REVERSED.

*R. D. Ray* and *L. T. Collier* for appellants.

1.   The " proceeding " in the circuit court under the statute to contest the validity of a will on the part of an heir at law against the devisee of real estate in such will, is a *" lis pendens "* as to all purchasers *pendente lite.*   *Garth v. Ward*, 2 Atkyns 174 : 2 Mad. Ch., (4 Am. Ed.) 325 ; S. C. Barn. 450 ; Hilliard on Vendors, (2 Ed.) 511 ; 3 Barnard. Ch., 450.

2.   A conveyance of said real estate, by said devisee, made pending said suit, will be held subject to such judgment as the court may ultimately render in such cause ; notwithstanding such judgment may be the result of a compromise and other than that called for by the pleadings. *Turner v. Babb*, 60 Mo. 342 ; *O'Reilley v. Nicholson*, 45 Mo. 160 ; *Tilton v. Cofield*, 93 U. S. 168 ; *Fry v. Kimball*, 16 Mo. 21 ; *State Savings Inst. v. Collonious*, 63 Mo. 290 ; *Zeiter v. Bowman*, 6 Barb. 138.

3.   The judgment, execution and sheriff's deed, under which the appellants claim, cannot be impeached, in this collateral proceeding for any mere irregularity and informality, and if not absolutely void, they are conclusive and binding on the parties to this suit.   *Jourden v. Meier*, 31 Mo. 40 ; *Dilworth v. Rice*, 48 Mo. 124 ; *Creasy v. Alverson*, 43 Mo. 13 ; *McNair v. Biddle*, 8 Mo. 257, 264 ; *Matter of Duty's Estate*, 27 Mo. 45 ; *Voorhees v. Bank*, 10 Pet. 469, 472, 478 ; *Jones v. Talbot*, 9 Mo. 122 ; *Gilman v. Hovey*, 26 Mo. 280 ; *Latrielle v. Dorleque*, 35 Mo. 233 ; *Martin v. Barron*, 37 Mo. 301 ; *Chouteau v. Nuckolls*, 20 Mo. 442 ; *Shields v. Powers*, 29 Mo. 315 ; *Reed v. Austin*, 9 Mo. 722 ; *Gaston v. White*, 46 Mo. 486 ; *Landes v. Perkins*, 12 Mo. 238 ; *Overton v. Johnson*, 17 Mo. 442.

4.   In all suits whether at law, in equity or other authorized proceeding with a special and exclusive jurisdiction, designed or that must necessarily affect the title to real estate situated in more counties than one, or intended

to place a charge or lien thereon; the same may be commenced in any one of said counties and a change of venue effected to another; but in all such cases, the jurisdiction of the court, and the lien of the "lis pendens" attaches to all the lands in controversy wherever situated; and said lands will be held by the lien of the "lis pendens," from the time of its inception to its final termination, to answer whatever judgment may be ultimately rendered and wherever rendered; and in such cases the form of relief may be that originally called for by the pleadings, or such as may be suggested by the parties, upon a compromise; but in either case the lien of the "lis pendens" does not date or take its rise from the date of the ultimate judgment, but from the pre-existing "pendency" of the suit; that is, from the time of filing the notice with the recorder of deeds in that class of cases mentioned in chapter 197, General Statutes 1865, and in all other cases from the date of the service of the process in the cause. The judgment, whatever its form and effect, is the consummation and not the origin of the "lis pendens" and overreaches all conveyances pendente lite. Freeman on Judg., §§ 192, 193, 195; Chouteau v. Nuckolls, 20 Mo. 442.

5. A "lis pendens" per se operates or creates a lien upon the property, commencing with the service of process and overreaches all alienations thereof, pending the suit. Watson v. Wilson, 2 Dana 407; Thoms v. Southard, 2 Dana 480; Scott v. McMillen, 1 Littell 302; Bullet v. Stewart, 3 B. Mon. 115; Tilford v. Burnham, 7 Dana 109; Scott v Coleman, 5 Mon. 73.

6. The statements of the petition in the "Cowgill will case," in connection with those of the will itself, specifically devising the lands in controversy, are sufficient to point out said lands as a part of the property necessarily to be affected by the termination of said suit; and also sufficient to warn the whole world that they intermeddle with it at their peril; especially when the party, as in this case, had actual knowledge of the suit. Green v. Slayter,

4 John. Ch. 39, 45; *Murray v. Ballou*, 1 John. Ch. 566; Freeman on Judg., §§ 196, 197, 198; *Center v. P. & M. Bank*, 22 Ala. 743; *Leitch v. Wells*, 48 Barb. 655; *Inloes v. Harvey*, 11 Md. 524.

7.    A proceeding to set aside a will which specifically devises real estate, on the ground of fraud and undue influence in obtaining the same; as well as a suit to set aside a deed which conveys similar lands on similar grounds, may each, in some sense, be styled proceedings to determine the "status" of the paper or document in question; but each of them, also, involves the title to the property in question, and operates as a "*lis pendens*" overreaching all "*pendente*" conveyance of the same, and one not more so than the other.

8.    Decrees and judgments by consent or agreement are binding and conclusive upon the parties to the suit and those claiming under them, unless procured by fraud; and especially are compromises of family litigation favored and upheld by the courts.    *French v. Shotwell*, 5 John. Ch. 564; *Faust v. Birner*, 30 Mo. 414; *Monell v. Lawrence*, 12 John. 529; *Stark v. Thompson*, 3 Mon. 296; *Story v. Hawkins*, 8 Dana 13; *Mitchell v. Long*, 5 Littell 71; 2 Lead. Cas. Eq., 269, 270; *Fletcher v. Holmes*, 25 Ind. 458; *Chandler v. Chandler*, 13 Ind. 492; *Beach v. Beckwith*, 13 Wis. 21.

*H. M. Pollard* for respondent.

1.    The suit to contest Cowgill's will was not such an action as is contemplated by the statute concerning *lis pendens*, and hence purchasers before judgment cannot be affected with notice.    2 Wag. Stat., 905; *Lyne v. Marcus*, 1 Mo. 410; *Trotters v. Winchester*, 1 Mo. 413; *Swain v. Gilbert*, 3 Mo. 347; 10 Bacon's Abr., 586, 587; 1 Story Eq. Jur., 184, 238; Adams Eq., 175, 248; *Young v. Ridenbaugh*, 67 Mo. 589; *Jones v. Lusk*, 2 Met. (Ky.) 359; *King v. Bill*, 28 Conn. 593; Wag. Stat., p. 1368, § 29; *Armstrong v. Far-*

*rar*, 8 Mo. 627; *Rush v. Rush*, 19 Mo. 441; *In re Duty's Estate*, 27 Mo. 43.

2. The judgment rendered in Buchanan circuit court decreed that the paper in controversy was the will of John Cowgill, deceased. It being his will, title to the land in controversy vested immediately on his death in Rachel and Henry Cowgill, and they had full right to incumber it. The will speaks from the death of the testator. Redfield on Wills, p. 379, § 2. If it were otherwise, where would title rest *ad interim?*

3. Rachel and Henry Cowgill having made and delivered to Pollard their deed to said premises, could not by a subsequent agreement authorize a judgment creating, or in any manner create, a lien which would cut out said deed. *Turner v. Babb*, 60 Mo. 350.

4. Parties to a suit at law, cannot, by agreement, after suit is removed out of the county in which it is originally brought, bind real estate situate therein by a judgment lien, so as to cut out *bona fide* purchasers *pendente lite.* The court has no jurisdiction and its judgment is void and can be attacked collaterally. 2 Wag. Stat., 1005, § 3; *Benoist v. Murrin*, 48 Mo. 52; Whittelsy Prac., 98, § 2; 2 Bacon's Abr., 618; *Lindsey v. McClelland*, 1 Bibb 262; *Dodson v. Scroggs*, 47 Mo. 287; *Stone v. Corbett*, 20 Mo. 354; *Lindell v. Hannibal & St. Joseph R. R. Co.*, 36 Mo. 544; *Valario v. Thompson*, 3 Seld. 582; *Brown v. Woody*, 64 Mo. 547; Wade on Notice, § 354; *White v. Rush*, 58 Mo. 105; *Bank v. Poyntz*, 60 Mo. 531; *McNair v. Biddle*, 8 Mo. 264; *Filhian v. Monks*, 43 Mo. 521; *Latimer v. U. P. R. R. Co.*, 43 Mo. 109. "No court, however great may be its dignity, can arrogate to itself the power of disposing of real estate without the forms of law; it must obtain jurisdiction of the thing in a legal mode." *Shriver's Lessee v. Lynn*, 2 How. 60; *Hickey v. Stewart*, 3 How. 762; *Windsor v. McVeigh*, 93 U. S. 283; *People v. Liscomb*, 60 N. Y. 559; *s. c.*, 19 Am. Rep. 220; *Bigelow v. Forrest*, 9 Wall. 339; *Ex Parte Lange*, 18 Wall. 163.

5. The judgment in said will suit decreeing a lien on said land was not one contemplated by the petition or pleadings in said suit. Hence the *lis pendens* could not relate back to the filing of the petition, and could have no force or effect prior to said judgment. So far as the pendency of a suit can affect others than the parties to the suit, or strangers, matters brought into it by an amended bill, will not have relation to the time of filing the original, but the suit will so far be considered as pendent only from the time of the amendment. *Stone v. Connelly*, 1 Met. (Ky.) 656; Mitford's Eq. Pl., 400; *Clarkson v. Morgan*, 6 B. Mon. 451; Freeman on Judg., p. 168; *Pearson v. Keedy*, 6 B. Mon. 130; *Cromwell v. Clay*, 1 Dana 578; *Kennard v. Adams*, 11 B. Mon. 105; *Jones v. Lusk*, 2 Met. (Ky.) 360; *Dudley v. Price*, 10 B. Mon. 88; *Hartell v. Searcy*, 32 Ga. 190; *Davis v. Christian*, 15 Gratt. 11; *Griffith v. Griffith*, 1 Hoff. Ch. 153; 1 Daniels Ch., 402; *Carrington v. Brents*, 1 McLean 167; *Edmonds v. Crenshaw*, 1 McC. Ch. 252; *Green v. Slayter*, 4 John. Ch. 47; *Ray v. Roe*, 2 Blackf. 258.

Hough, J.—This was an action of ejectment. Both parties claim title under John Cowgill, who, on March 25th, 1865, died seized of the land sued for, leaving a will by which he devised the same to Rachel and Henry Cowgill, which will was duly admitted to probate in the probate court of Livingston county on the 30th day of March, 1868. On the 29th day of October, 1868, Jeremiah Tingley and others instituted proceedings, under the statute, in the Livingston county circuit court against Rachel Cowgill and Henry Cowgill, and others, to set aside said will, and the process issued therein against Rachel and Henry Cowgill was duly served on them on the 30th day of October, 1868. This suit was removed by change of venue to Buchanan county, in the circuit court of which county, on the 25th day of May, 1875, it was adjudged by agreement that the paper writing admitted to probate in Livingston county on the 30th day of March, 1868, as the last

will and testament of John Cowgill, deceased, was the last will and testament of said John Cowgill; and it was further adjudged by agreement, that Henry and Rachel Cowgill should pay all costs which had been incurred by either party in the various courts in which said suit had been prosecuted, and the said judgment against them for costs should be a lien on the lands devised to them by said will, lying and being in Livingston county, which lands were described in the judgment. A copy of this judgment was filed for record with the clerk of the circuit court of Livingston county on the 26th day of May, 1875, and was duly recorded. The costs adjudged against Rachel and Henry Cowgill amounted to $808.93, and to collect the same a special execution was issued on November 30th, 1875, from the Buchanan circuit court to the sheriff of Livingston county, under which the lands in controversy were sold to the defendant, Hearne, who received a deed therefor from the sheriff, dated January 25th, 1876, and acknowledged by him February 25th, 1876. The defendant, Hollander, was the tenant in possession. On the 30th day of October, 1868, a notice of the suit of Tingley against Cowgill, stating where and when the same was brought, also the names of the parties and a description of the property to be affected thereby, was filed and recorded in the office of the recorder of deeds of Livingston county. On the 11th day of September, 1874, Henry and Rachel Cowgill executed a deed of trust on the lands in controversy, to H. M. Pollard, trustee, to secure the payment of a certain promissory note therein described. Under this deed said premises were sold and conveyed to the plaintiffs on the 4th day of May, 1876, and they have instituted the present suit to recover possession of said lands from the purchaser at the sale under the execution before mentioned. It will be observed, from the foregoing statement of facts, that the rights of the parties to this suit depend upon the effect to be given to the deed of trust executed by Henry and Rachel Cowgill pending the suit contesting the va-

lidity of the will of John Cowgill. This question involves a consideration of the doctrine of *lis pendens* and an examination into the validity of the judgment of the circuit court of Buchanan county creating a lien for costs upon lands in Livingston county.

It is contended by the plaintiffs that the doctrine of *lis pendens* is purely a doctrine of equity, recognized and en-

1. LIS PENDENS IN SUIT TO SET ASIDE WILL. forced in equity alone, and cannot, therefore, be invoked by the defendants in this case. It is true, as claimed by the plaintiffs, that a suit, under the statute, to contest the validity of a will, is to be regarded as an action at law. This has been repeatedly decided by this court. *Lyne v. Marcus,* 1 Mo. 410 ; *Swain v. Gilbert,* 3 Mo. 347 ; *Young v. Ridenbaugh,* 67 Mo. 589 ; R. S., § 3980. But it is an error to suppose that the doctrine of *lis pendens* is applicable alone to suits in equity. We are aware that it has been so held in the case of *King v. Bill,* 28 Conn. 593, but, as was observed by this court in *O'Reilley v. Nicholson,* 45 Mo. 160, the rule is older in law than in equity, and was adopted from the common law courts by Lord Bacon as one of his ordinances " for the better and more regular administration of justice in the court of chancery." *Murray v. Ballou,* 1 John. Ch. 577 ; 1 Hilliard on Vendors, 411, § 22 ; *Turner v. Babb,* 60 Mo. 342 ; *Real Estate Savings Inst. v. Collonious,* 63 Mo. 290 ; and it has been repeatedly applied in actions of ejectment and in other suits at law. Wade on Notice, § 343 ; *Tilton v. Cofield,* 93 U. S. 168. Under our statute in relation to equitable liens and notice thereof, this rule as formerly enforced by courts of chancery, is no longer recognized in suits in equity affecting real estate, but the plaintiff in any civil action, based on any equitable right, claim or lien, designed to affect real estate, is required to file for record with the recorder of deeds of the county in which such real estate is situated, a written notice of the pendency of the suit, giving names of parties, style of suit, term of court to which brought, and a description of the property to be

affected thereby; and there is no constructive notice to purchasers or incumbrancers until such notice is filed. R. S., § 3217. There is no such requirement as to actions at law, and as to such actions the rule remains as at common law. Such being the case, the written notice filed with the recorder by the plaintiffs in the suit of Tingley against Cowgill amounted to nothing.

It is further contended that the rule of *lis pendens* is not applicable to this case for the reason that the title to the land now in controversy was not the subject matter of the suit of Tingley against Cowgill; that the will was the *res* involved in that suit. In one sense it was, but it is quite clear that a will devising real property operates as a conveyance of such property, and it follows, therefore, that a suit contesting the validity of such will, directly assails the validity of such conveyance, and necessarily involves the title. No one would care to contest the validity of a will, but for the fact that it is a muniment of title; and pending a contest involving the validity of a devise, the law will not permit either the heir or the devisee to alien the property devised, so as to avoid the effect of the judgment which may be rendered in such suit. "Suppose," said Lord Hardwick, in the case of *Garth v. Ward*, 2 Atk. 174, "An heir at law to get into possession of the ancestor's estate immediately upon his death, and that during a suit in this court for establishing the will of the ancestor in favor of the devisee, the heir conveys this estate to a stranger, and afterward the will is established in this court, can it be contended that the grantee of the heir is not bound, and that this suit will be looked upon as no *lis pendens* as to such grantee?" It may be remarked, in this connection, that Henry and Rachel Cowgill acquired no right to execute the deed in question, from the fact that the will of John Cowgill had been proved in common form in the probate court of Livingston county; for when the suit was instituted in the circuit court to contest the validity of said will, the action of the probate court was in effect annulled,

8—73

and they had no more authority to convey as devisees, than if the will had never been presented to the probate court. *Lamb v. Helm*, 56 Mo. 420 ; *Rogers v. Dively*, 51 Mo. 193.

As the conveyance *pendente lite* was subject to any judgment which might be lawfully rendered in the case of

2. CHANGE OF VEN- UE: judgment: lien for costs.

Tingley against Cowgill, by consent or otherwise, the only question remaining for determination is, whether the judgment, which was rendered, is a nullity ; for even if the parties to the judgment could complain of it, and it could on appeal or writ of error be held to be erroneous, yet as it stands unreversed and unappealed from, it is, if not a nullity, conclusive of the rights of the parties thereto, and their privies, and the execution sale made in pursuance thereof must be held to be valid and binding in the present proceeding. *McNair v. Biddle*, 8 Mo. 257 ; *Jones v. Talbot*, 9 Mo. 122 ; *Chouteau v. Nuckolls*, 20 Mo. 442 ; *Landes v. Perkins*, 12 Mo. 238 ; *Gilman v. Hovey*, 26 Mo. 280 ; *Latrielle v. Dorleque*, 35 Mo. 233. The circuit court of Buchanan county having regularly acquired jurisdiction of the suit by change of venue, had precisely the same power to render judgment therein which the circuit court of Livingston county had, and for all the purposes of this case the judgment may be regarded as a judgment of the circuit court of Livingston county. Would such a judgment as that rendered by the Buchanan circuit court have been void if rendered by the Livingston circuit court? We think not. It is conceded that the judgment of a court which has no jurisdiction of the subject matter of the action, is void, and that consent cannot confer jurisdiction as to subject matter; but when a superior court of record has jurisdiction of the subject matter of the suit, no judgment which it may render in reference thereto, will be void; it may be erroneous and voidable, but not void. Now the validity of the devise to Henry and Rachel Cowgill, of the land sued for in this action, together with other devises contained in the will of John Cowgill, constituted the subject matter of the suit of Tingley against

Cowgill. The jurisdiction of the court over the subject is undoubted. The judgment of the court was, in effect, that the devise to Henry and Rachel Cowgill should stand, but the land so devised should be charged with a lien for all the costs in the case. As was said in the case of *Turner v. Babb, supra*, the same judgment which established their title created the charge, and by consent of parties the title vested subject to said charge. This judgment was most certainly not a void one, and all parties having consented to it, we do not see how it could have been reversed on appeal.

It follows from the foregoing views that the title acquired by the defendants under the execution sale, is superior to that acquired by the plaintiffs under the trust deed, and the judgment must, therefore, be reversed and the cause remanded. The other judges concur, except RAY, J., who, having been of counsel, did not sit.