On May 21, 1986, the plaintiff obtained judgment in an earlier action between these same parties. The judgment set aside a deed from the plaintiff's decedent to the defendant, CT Page 5393 Lorraine Pylypchuk, for property known as 7 William Street, Darien, Connecticut (the "premises"). The deed was set aside because the court found that Mrs. Bruno did not have sufficient mental capacity to convey title to the premises, which was her only asset. The court further found that "the conveyance was in essence, for no consideration . . ." and that the deed was executed approximately one month prior to Mrs. Bruno's death at the age of eighty, before which she had suffered medical problems for some time.
The plaintiff brings this second action seeking to recover money damages allegedly resulting to the plaintiff from the defendant's occupancy of the premises. The plaintiff seeks an award for use and occupancy of the premises from September 10, 1982, the date of execution of the later voided deed to the premises, until December 15, 1987, when the defendant vacated the premises. The plaintiff also alleges that the defendant willfully and negligently damaged the premises, a single family home, and seeks compensatory damages. The plaintiff's third claim is for an award of damages equal to the amount of the real estate taxes on the premises which were unpaid during the defendant's period of occupancy.
The plaintiff sets forth no legal basis for his claim for judgment for the unpaid real estate taxes. There was no rental agreement between the parties at any time nor any other agreement which obligated the defendant to pay the real estate taxes on the premises. In the absence of a rental agreement, the tenant's only obligation is to "pay the fair rental value for the use and occupancy of the dwelling unit." Conn. Gen. Stat. 47a-3c. The plaintiff's recovery for the defendant's occupancy of the premises is therefore limited by the statute to fair rental value. Judgment is entered for the defendant on the third count of the complaint. The plaintiff alleges in the second count of the complaint that the defendant willfully or negligently damaged the premises during her occupancy. The defendant admittedly made alterations to the house, but the parties disagree as to whether these changes enhanced or impaired the value of the premises.
As the owner of the premises in his representative capacity, the plaintiff testified that in his opinion the value of the premises declined by twenty thousand dollars as a result of the defendant's occupancy and the alterations she made. The plaintiff did not present any expert testimony as to the depreciation in value nor did he offer any substantiation or explanation for his conclusory claim of a $20,000 loss. Although photographs were admitted into evidence which showed the condition of the premises after the defendant vacated, the evidence offered was insufficient to support a finding that a twenty thousand dollar loss was suffered. The burden of proving damages is on the party claiming them. CT Page 5394 Expressway Associates v. Friendly Ice Cream Corp. of Connecticut,218 Conn. 474, 476 (1991). The plaintiff failed to sustain his burden of proof with respect to the second count and judgment is entered for the defendant on the second count of the complaint.
The plaintiff's third claim is for an award for use and occupancy of the premises from September 10, 1982, the date when the deed from Isabel Bruno was executed, until December, 1987, when the defendant vacated the premises. The defendant opposes such an award, claiming first that the plaintiff is not entitled to use and occupancy for the period of time before the deed was set aside. Secondly, the defendant contends by way of set off and special defense that her expenses to maintain and improve the premises exceed any monies owed the plaintiff.
In setting aside the deed to the defendant, the trial court in the earlier action found that Mrs. Bruno was mentally incompetent at the time she made the conveyance and that the conveyance was therefore "voidable". Black's Law Dictionary, 6th Edition, 1990, defines voidable as "That which may be avoided or declared void; not absolutely void in itself. It imports a valid act which may be avoided rather than an invalid act which may be ratified." In Coburn v. Raymond, 76 Conn. 484 (1904), the Supreme Court held that contracts and conveyances of incompetent persons are voidable and not void. The defendant argues that because the deed was voidable and not void, she held valid legal title to the premises from September 10, 1982, when the deed was executed, until May 21, 1986, when the deed was ordered set aside. She therefore contends that she does not owe use and occupancy for that period of time.
The defendant's argument is meritorious. Given that a deed which is invalidated for lack of mental capacity is voidable only and not void, the deed is valid until set side. There is no authority which suggests that the setting aside of the deed has retroactive effect. The Supreme Court has held that when a court acts to pass title to real estate by decree, the title passes as of the date of the decree and does not relate back to the commencement of suit. King v. Bill, 28 Conn. 593 (1859). The rationale for the rule is that instead of passing title directly, the court could order one party to convey title to another and the conveyance would then take effect only from the execution of the deed. Id.
The defendant is liable for use and occupancy for the premises from May 21, 1986, the date the deed was set aside, until December 15, 1987, the date the court finds she vacated the premises. The amount of use and occupancy to be paid for a portion of this time is established by court order. In July, 1986, the plaintiff brought a summary process action against the defendant. During CT Page 5395 the course of that action, the court entered a use and occupancy order of $1,000. per month beginning March 15, 1987. On November 10, 1987 the parties entered into a stipulated judgment of possession conditioned on monthly payments of $750 as use and occupancy beginning November 10, 1987. Using the order and the stipulation to establish the amounts of use and occupancy which were due, the court finds that $8,766.67 in use and occupancy was due from March 15, 1987 until December 15, 1987. The defendant made one payment of use and occupancy of $750, leaving a balance due of $3016.67.
The plaintiff offered no expert or other testimony as to the fair rental value of the premises for use and occupancy purposes. The plaintiff argues that the court can establish a use and occupancy order for those periods which were not subject to the court ordered use and occupancy or the stipulated judgment based on rentals which the defendant received. It is true that the defendant rented the premises to a tenant in 1983 and 1984 and that her brother, who lived with her, paid her rent periodically on a weekly basis. However, this evidence is insufficient to establish the fair rental value of the premises from May 21, 1986 to March 15, 1987, when the summary process use and occupancy order first took effect.
The defendant filed five special defenses and a claim of set off. No evidence was presented at trial as to the first four special defenses and these defenses were not addressed in the defendant's post-trial brief. These four defenses are therefore deemed abandoned.
The defendant claims in her fifth special defense and by way of set off that the value of the maintenance and improvements she made to the premises exceeds the amount of the plaintiff's claim. In support of this claim, the plaintiff introduced into evidence numerous canceled checks and invoices which she testified were evidence of payments she made for improvements and maintenance at the premises. Most of these documents were dated in 1985, although some bear dates in 1986.
The threshold issue is whether the defendant is entitled to any recovery for expenses which she made for the premises prior to May 21, 1986, when the deed was set aside. During this period of time the defendant was the record owner of the premises pursuant to a voidable deed and she has successfully argued to this court that she owes no use and occupancy during this period of time because she was in fact the owner. She cannot therefore be heard to argue that she can recover her expenses for the property, relying on case law pursuant to which a tenant may recover for the cost of repairs which the landlord is obligated to perform. It is logical and consistent to find that because the defendant was the owner of the premises prior to May 21, 1986, she cannot recover CT Page 5396 for expenditures made to the premises during her period of ownership.
The defendant's claims also suffer from a lack of reliable substantiation. Some of the invoices and checks are dated in June of 1986 and thereafter, after the deed had been set aside. However the testimony and the exhibits are not sufficient to persuade the court that work of value was done to the premises. (This is true for all of the defendant's claims for work done, not just those arising after May of 1986.) The defendant's recollection of the work done was in many cases quite vague. Many of the checks are made payable to "cash" and several are payable to the defendant's brother. Virtually all of the checks in evidence contain a notation of the address of the premises made in a different color of ink from the ink used to write the check. The defendant conceded altering the checks by adding the address of the premises after the checks were written or cashed. The evidence supporting the defendant's fifth special defense and claim of set off is not sufficiently reliable to sustain the defendant's burden of proving her allegations by a fair preponderance of the evidence.
Judgment is entered for the plaintiff on the first count of the complaint for $8016.67 plus costs.