ALLA A. DAVENPORT et al., respondents,

v.

MARY ANN DAVENPORT et al., appellants.

[Argued November 22d, 1904.   Decided November 22d, 1904.]

1. Administrators *pendente lite* may always be appointed when the appointment of an executor or a general administrator is delayed for any reason, or the validity of a will is contested. They are officers of the court, called into being to aid the court—in fact, to take the place of the court—to conserve the estate in independent and disinterested hands pending litigation. Any party in interest may apply for their appointment, or the court may appoint upon its own motion.

2. The rule as to the right of appeal in such cases as stated by Runyon, Ordinary, in *Dietz* v. *Dietz, 38 N. J. Eq. (11 Stew.) 483,* approved.

On appeal from the prerogative court.   The opinion of Magie, Ordinary, is reported in *66 N. J. Eq. (21 Dick.) 300.*

*Mr. Henry F. Stockwell, Mr. David J. Pancoast* and *Mr. Horace M. Rumsey,* for the appellants.

*Mr. Frank T. Lloyd* and *Mr. Lewis Starr,* for the respondents.

The opinion of the court was delivered by

FORT, J.

This is an appeal from a decree of the ordinary dismissing an appeal from the orphans court of Camden county. The appeal is from an order made September 18th, 1903, appointing an administrator *pendente lite* in the room and stead of one previously appointed, under an order of that court dated June 6th, 1903, and fixing the amount of the bond of such substituted administrator.

The ordinary held, there being no appeal from the order of

June 6th, 1903, which adjudged that an administrator *pendente lite* was essential to the preservation of the estate, that under the decision of Runyon, Ordinary, in *Dietz* v. *Dietz, 38 N. J. Eq. (11 Stew.) 483,* an appeal did not lie from the order of the orphans court of September 18th, 1903, naming a substituted person as administrator *pendente lite* or fixing his bond; these acts, in such case, being matters within the discretion of the court.

That question, so far as our research has been able to discover, does not appear to have been previously decided in this court.

Administrators *pendente lite* are the appointees of the court, and are not to be merely considered as the nominees or agents of the several parties on whose recommendation they are selected. *1 Wms. Ex. 590.*

The statutory rule of administration as to the widow or next of kin is not operative as to this class of administration.   *Lamb* v. *Helm, 56 Mo. 420.* · The statute only applies to appointment for general administration.   An administrator *pendente lite* may always be appointed where the appointment of a general administrator is delayed for any reason or the validity of a will is contested.   *11 Am. & Eng. Encycl. L. 801, 802; Grece* v. *Helm, 91 Mich. 450; Lawrence* v. *Parsons, 27 How. Pr. 26; Jordan* v. *Thompson, 67 Ala. 469; McIntire* v. *Worthington, 68 Md. 203.*

This power also exists where the contest is being carried on in another court or pending an appeal of proceedings on removal of an executor or administrator.   *Roger* v. *Dively, 51 Mo. 193; Estate of Moore, 86 Cal. 72; Brown* v. *Ryder, 42 N. J. Eq. (15 Stew.) 356; Matter of Blair, 60 Hun 523.*

Such administrators are officers of the court, whose office as administrators continues only until the termination of the litigation.

Chief-Justice Hornblower says:   "Their authority is more limited than that of any other administration, and, *ex vi termini,* ceases the moment the suit concerning the will is terminated. If the will is established, they are at once superseded by the executor; or, if occasion requires, by administration with the will annexed, or during minority or *durante absentia;* but they

can no longer act as administrators either in relation to third persons or to each other. If, on the other hand, the will is overruled, administration at large is to be granted to those who by the law may be entitled to have it." *Cole* v. *Wooden, 18 N. J. Law (3 Harr.) 15, 17.*

Administrators *pendente lite,* therefore, are not such as·by the law are entitled to administer. They are officers of the court, called into being to aid the court—in fact, to take the place of the court—to conserve the estate in independent and disinterested hands pending litigation. *Ellis* v. *Wren, 84 Ky. 254.*

The court should not appoint nominees of either party, but indifferent persons should be selected, except in certain cases where executors may be appointed administrators *pendente lite. Woerner Admin. § 181; Haas* v. *Childs, 4 Dem. 137.*

As officers of the court, they are removable at the pleasure of the court. *Flora* v. *Mennice, 12 Ala. 836.*

As to the circumstances under which the administrator *pendente lite* .was appointed in this case, we will take the statement of the facts as the appellant states them in his brief. They are these:

"Thomas C. Davenport died in Camden county, in the State of New Jersey, on February 17th, 1903, leaving the present appellants (consisting of his lawful widow and children) as his heirs-at-law and next of kin. They presented a petition on February 18th, 1903, praying that letters of administration should be granted to Job P. Davenport, the son.

"The appellee, Alla A. Davenport, filed a caveat and alleged she was the widow of the decedent. She also filed a bill in the court of chancery to re-establish a will which she alleged had been unlawfully destroyed.

"On June 6th, 1903, on the application of the proctors for the appellee, Alla A. Davenport, and without notice to the appellants, the orphans court entered an order appointing Howard M. Cooper administrator *pendente lite* of said estate. It appears from a later application, of which appellants had no notice, that an order was entered by the orphans court on the eighteenth day of September, 1903, on motion of proctors for Alla A. Davenport, appointing S. Conrad Ott, the other appellee, as administrator *pendente lite* in place of Howard M. Cooper, who never qualified under the previous order. This order, as well as its predecessor, was not founded upon petition and affidavits, and was entered without notice to appellants. It was from the order of September 18th, 1903, that the appeal to the prerogative court, upon a motion to dismiss the appeal in this cause, was taken. The prerogative court dismissed the appeal. From this order an appeal was taken to the court of errors and appeals."

All these matters are thus admittedly a part of the records of the orphans court and in the proceedings in that court for the appointment of a general administrator on the petition of the widow and next of kin. Pending this contest over the appointment applied for by them the administrator *pendente lite* was appointed.

The court in which the proceedings are pending must, in the first instance, be the sole judge as to whether the conditions arising out of the litigation are such as to require a temporary administrator to conserve the estate pending the litigation. Such appointment may be made at any time pending the contest, and if the court deems it for the best interests of the estate it may do so upon its own motion.

The court is charged with the preservation of the estate, and with a duty to see that it comes, intact, into the hands of the executor or general administrator, when appointed, for distribution under the will, or in accordance with the statute. The exercise of this power is in the interest of all the litigants. If there be a wrongful exercise of the power of appointing an administrator *pendente lite,* no doubt an appeal will lie, but no such appeal will lie because an appointee of the court is objectionable to either party, or because of the amount of bond required to be given by the court. In this regard the rule stated by Magie, Ordinary, in his opinion in this case, and the decision of Runyon, Ordinary, in *Dietz* v. *Dietz, supra,* is approved. There is no allegation in this case (waiving the question of whether the appeal from the order of the orphans court of September 18th brings up all questions) that the action of the orphans court in exercising the power to appoint an administrator *pendente lite* was improper or unnecessary to conserve the estate, except it be the suggestion that the estate was being cared for by one of the parties litigant, which, in our view, and probably in the view of the orphans court, was a satisfactory reason for the appointment. Pending the litigation, it is the court's duty to see that the *corpus* of the estate is in independent hands and under its own control.

The other ground alleged for error is that the order was made by the orphans court without notice to the appellants. Neither

the appellants nor the appellees are necessary parties in appointing such an administrator. A creditor may apply for the appointment. *Lothrop's Case, 33 N. J. Eq.* (*6 Stew.*) *246.* On the face of the proceedings the court, in the exercise of a sound discretion, may, on its own motion, appoint one. No moving or replying parties are necessary. When the court conceives that the jeopardy of the *corpus* of the estate is such that its preservation requires the court's action, it may appoint its officer as administrator *pendente lite* to protect it, and only in case of an abuse of this discretion can relief be had by appeal. Such a power in the court is essential to the proper administration of litigated estates.

The decree of the prerogative court is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, REED, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY—13.

*For reversal*—None.