Anna Konigsberg died intestate on May 17th, 1937, leaving her surviving, her husband Hyman, and three sisters, Mollie Klinger, Fannie Silberman and Esther Hockstein. There were no children born of the marriage between the decedent and her husband Hyman. On May 18th, 1938, the surrogate of Hudson county appointed Hyman administrator of her estate.
On January 7th, 1938, the above named sisters, and one Bessie Rutsky, all designated as petitioners in a petition, signed and verified by Sol Schulman, "attorney for petitioners," filed in the Hudson county orphans court, alleged, among other things, the following:
"3. At the time of the death of the deceased, there remained in the Bayonne Trust Company in a safe deposit box belonging to said deceased, the sum of $3,300 besides items of jewelry. *Page 217 
"4. Said moneys and jewelry have been turned over to the administrator who has appropriated the same to his own use.
"5. Said administrator has been notified that the petitioner, Bessie Rutsky, claims that there is due to her from the estate of the decedent, the sum of $70 which moneys were used by her at the request of the deceased to pay for nurse's services furnished during the last illness of the decedent.
"6. Said administrator was notified that the petitioner, Esther Hockstein, claimed that there was due to her the sum of $200 for room and board and services furnished to the decedent at her request upon the promise to pay for same.
"7. Said administrator was further notified that on December 16th, the decedent, gave to Bessie Rutsky the keys to the safe deposit box above mentioned and told her that in the event of her death, the contents of the safe deposit box were to belong to the petitioners, Mollie Klinger, Fannie Silberman and Esther Hockstein. Said petitioners are the sisters of the decedent.
"8. On or about the 9th day of December, 1937, upon the application of the petitioners, the surrogate of Hudson county cited the administrator to file an inventory on or before the 27th day of December, 1937. Said inventory has not been filed.
"9. Said petitioners have been reliably informed that the administrator has failed to make payment to the doctor who furnished services during the last illness of the decedent and to the hospital where said petitioner was being treated at the time of her death."
Upon the filing of that petition, the orphans court then issued an order requiring the administrator to show cause on January 21st, 1938, why he should not be removed as administrator and a substituted administrator appointed in his place. On January 21st, 1938, the same court issued an order reciting, among other things: "that the petitioners had failed to state their claims against the estate of Anna Konigsberg, deceased, under oath asrequired by law (italics mine) and it appearing that in order to refute the charges made by the petitioners that the administrator of the estate *Page 218 
of Anna Konigsberg, deceased, has misapplied the funds of the estate of Anna Konigsberg, deceased, committed to his custody;" and the order to show cause dated January 7th, 1938, was continued to February 4th, 1938, "in order that the petitioners may file their claims under oath."
On February 14th, 1938, the orphans court issued an order wherein it was, among other things, stated "it being made to appear that the said Hyman Konigsberg, administrator as aforesaid, has wasted and misapplied the funds of the said estate committed to his care, and has failed to file an accounting required by law. * * * the letters of administration granted to the said Hyman Konigsberg * * * are hereby revoked and the said Hyman Konigsberg is hereby removed from his office as such administrator." And the order further read: "It is * * * ordered that letters of administration pendente lite upon the estate of the said Annie Konigsberg * * * be granted to Jack Feinberg, without bond, until such time as the administrator pendentelite comes into possession of the assets of the estate, at which time the amount of the bond will be fixed by the court, c."
From the order removing Konigsberg as administrator, and appointing Jack Feinberg administrator pendente lite, Konigsberg appeals to this court. He contends that the proceedings inaugurated by the petition, signed by Sol Schulman, "attorney for petitioners," is based on hearsay, and is "related to acts of other persons," wholly without the knowledge of the "attorney for petitioners." The record of the proceedings in the orphans court under which the order of removal was made, is bare of any evidence and lacks the testimony of witnesses. There is not a scintilla of evidence to show upon what testimony the judge of the orphans court reached his conclusion to remove the administrator. The order of January 21st, 1938, shows that the claims against the estate, which were presented to the administrator, were not verified, as required by the provisions of the R.S. 1937, 3:25-4. There is no evidence to indicate that the claims were subsequently verified, and were received by the administrator. There is no record of the claims taking the form of judgments. Kenny v. Trowbridge, 124 N.J. Eq. 504. *Page 219 
The allegation in the petition that the decedent had given "Bessie Rutsky the keys to the safe deposit box * * * and told her that in the event of her death, the contents of the safe deposit box were to belong to the petitioners, Mollie Klinger, Fannie Silberman and Esther Hockstein" indicates a gift in contemplation of death. The allegation conferred no jurisdiction upon the orphans court to determine the validity of the gift; nor did it establish title to the assets in the safe deposit box in the petitioners. If a gift were intended by the decedent, the allegations in the petition clearly stamp it as being void, because it obviously violates the provisions of the statute of wills. It was to become effective only "in the event of her death." The orphans court lacks jurisdiction to determine such disputed questions. If the petitioners had a claim to the assets in the safe deposit box, it would be against Hyman Konigsberg individually and not against him as administrator of the estate of the decedent. Keeper v. Fidelity Title and Deposit Co.,56 N.J. Law 302; 28 Atl. Rep. 585.
Under R.S. 1937, 3:9-3, 3:10-1 and 3:10-2, Konigsberg was not required to file any inventory or accounting, unless required to do so by some person legally interested in the estate. The petitioners could not raise that point; they were not legally interested in the estate. They had no standing as creditors until their claims had been verified and presented to the administrator.
Konigsberg, as the husband of the decedent, after the payment of the debts of the estate, became entitled to the balance of the assets.
While it is conceded that the orphans court may proceed in a summary manner in an application for the removal of an administrator, it, however, must have some fact legally before it in order to justify a removal. In the instant case, there does not appear to be present any fact justifying the adjudication of the orphans court.
The appointment of the administrator pendente lite in the case sub judice appears to be an assumption of jurisdiction by the court, which it did not possess. There was no reason *Page 220 
for the appointment of an administrator pendente lite. Under a proper state of facts, it could appoint a substituted administrator. But there seems to be no precedent where, as under the circumstances existing in the instant case, the court possesses the right to appoint an administrator pendente lite.
Of course, an administrator pendente lite may be appointed where the selection of a general administrator is delayed, or for certain other reasons. In the instant case there was no litigation pending which required the service of a pendentelite administrator. Davenport v. Davenport, 68 N.J. Eq. 611;60 Atl. Rep. 379. I feel that the order of the orphans court of February 14th, 1938, removing the administrator Hyman Konigsberg, and appointing an administrator pendente lite should be reversed. I shall advise an order to this effect. *Page 221