NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NOS. A-0378-16T3
 A-0515-16T3

IN THE MATTER OF INTER VIVOS
TRUST, FLORENCE FISHER,
Grantor (10-15-07).
______________________________

IN THE MATTER OF THE ESTATE
OF FLORENCE FISHER, Deceased.

_______________________________

 Submitted September 26, 2017 – Decided November 28, 2017

 Before Judges Sumners and Moynihan.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Bergen County, Docket Nos.
 P-000325-15 and P-000324-15.

 Meredith A. Fisher, appellant pro se.

 Sills Cummis & Gross, PC, attorneys for
 respondent Allan C. Bell (Thomas S. Novak, of
 counsel and on the brief; Gregory E. Mulroy,
 on the brief).

PER CURIAM

 These consolidated matters involve the efforts of plaintiff

Meredith A. Fisher to void estate planning decisions made by her

mother, the late Florence Fisher.
 In A-0378-16 (the trust action), plaintiff sought to remove

defendant Allan C. Bell as trustee of an inter vivos trust created

by Florence1 for plaintiff's benefit, alleging he breached his

fiduciary duty of loyalty. The trial court granted defendant's

motion for summary judgment to dismiss plaintiff's complaint and

denied plaintiff's cross-motion of summary judgment, finding

plaintiff presented no proof of defendant's improper

administration of the trust.

 In A-0515-16 (the will action), plaintiff alleged undue

influence exerted by defendant, plaintiff's sister, Judith, and

her husband, in the preparation of Florence's will, warranting

removal of defendant as executor, revocation of the letters

testamentary, and voidance of will provisions that reduced

plaintiff's share. The court granted defendant's motion for

summary judgment and denied plaintiff's cross-motion of summary

judgment, finding plaintiff's complaint was untimely filed and

without good cause for an extension of time under Rule 4:48-2.

The court also determined that, as to the merits, plaintiff

presented no evidence undue influence had been exercised over

Florence to warrant the relief plaintiff requested.

1
 We use her first name out of convenience because she and plaintiff
have the same last name; we mean no disrespect.

 2 A-0378-16T3
 While we disagree with the court that plaintiff's complaint

in the will action should have been dismissed as untimely filed,

we conclude plaintiff's appeals of the court's summary judgment

orders are without merit for the reasons expressed by the court

that plaintiff had not provided factual support to void her

mother's estate planning decisions.

 I.

 Florence began planning her estate many years ago. In 1997

and 1999, she executed wills that evenly divided her estate among

her three daughters. In 2007, she established separate trusts for

her daughters with the assistance of defendant, an estate attorney.

Because plaintiff contracted Lyme disease and suffered from its

ill effects, Florence designated defendant as the sole trustee to

administer her trust. Her sisters, however, were named as co-

trustees with defendant in their respective trusts.

 In November 2008, Florence executed a new will, which

reflected that plaintiff's share of her estate be reduced by loans

Florence had given to plaintiff for various investments and

expenses. Six months later, Florence further modified her will

through a codicil, which, relevant to this appeal, divided

plaintiff's share into halves: one half would be placed into

plaintiff's trust, and the other half would be put into trust for

 3 A-0378-16T3
the benefit of plaintiff's daughter who is also Florence's

granddaughter.

 In 2011, Florence's health worsened and plaintiff's sisters

were appointed Florence's co-guardians. The appointment also

directed the co-guardians to pay plaintiff's reasonable daily

living expenses, which would be considered advancements of

plaintiff's share of Florence's estate.

 About four years later, Florence passed away. On January 30,

2015, her will was admitted to probate and letters testamentary

were issued to defendant. Over six months later, on August 21,

plaintiff, a New York resident, filed two separate verified

complaints - the will action and the trust action. Both actions

were dismissed on September 1, 2016, when the trial court issued

orders and a single written opinion granting defendant's summary

judgment motions and denying plaintiff's cross-motions for summary

judgment. This appeal ensued.

 II.

 Before addressing the specific arguments raised by plaintiff,

we briefly discuss the principles guiding our review of the trial

court's summary judgment decisions.

 Appellate review of a ruling on a motion for summary judgment

is de novo, applying the same standard governing the trial court.

Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014).

 4 A-0378-16T3
Thus, we consider, as the motion judge did, "whether the competent

evidential materials presented, when viewed in the light most

favorable to the non-moving party, are sufficient to permit a

rational factfinder to resolve the alleged disputed issue in favor

of the non-moving party." Id. at 406 (quoting Brill v. Guardian

Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). Summary judgment

must be granted "if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact challenged and that the moving party is entitled to

a judgment or order as a matter of law." Templo Fuente De Vida

Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)

(quoting R. 4:46-2(c)).

 In evaluating a motion for summary judgment to determine the

presence of a genuine issue of material fact, the court must

consider both the allocation of the burden of persuasion, and the

standard of proof. "An issue of fact is genuine only if,

considering the burden of persuasion at trial, the evidence

submitted by the parties on the motion, together with all

legitimate inferences therefrom favoring the non-moving party,

would require submission of the issue to the trier of fact." R.

4:46-2(c). A court must be "guided by the same evidentiary

standard of proof — by a preponderance of the evidence or clear

 5 A-0378-16T3
and convincing evidence — that would apply at the trial on the

merits." Brill, supra, 142 N.J. at 533. "[C]onclusory and self-

serving assertions by one of the parties are insufficient to

overcome the motion." Puder v. Buechel, 183 N.J. 428, 440-41

(2005) (citations omitted). We accord no deference to the trial

judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478

(2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

 Measured against this standard, we are convinced the court

correctly granted summary judgment to defendant and denied summary

judgment to plaintiff in both actions.

 A.

 In the trust action, plaintiff essentially sought removal of

defendant as trustee under N.J.S.A. 3B:14-21(c), which provides a

fiduciary may be removed if he or she "[e]mbezzles, wastes, or

misapplies any part of the estate for which the fiduciary is

responsible, or abuses the trust and confidence reposed in the

fiduciary." She claimed that due to defendant's choices in

administering other unrelated trusts, he was unable to properly

administer her trust.

 Courts are reluctant to remove a fiduciary appointed by a

grantor absent specific proof of fraud, gross carelessness or

indifference. See Braman v. Central Hanover Bank & Trust Co., 138

N.J. Eq. 165, 196-97 (Ch. 1946). Not only should the court be

 6 A-0378-16T3
reluctant to remove a fiduciary, but "so long as an executor or

trustee acts in good faith, with ordinary discretion and within

the scope of his powers, his acts cannot be successfully assailed."

Connelly v. Weisfeld, 142 N.J. Eq. 406, 411 (E. & A. 1948).

Disagreement between a beneficiary and a fiduciary is not cause

for removal. In re Koretzky, 8 N.J. 506, 531 (1951). "[T]here

must be a demonstration that the relationship will interfere

materially with the administration of the trust or is likely to

do so." Wolosoff v. Csi Liquidating Tr., 205 N.J. Super. 349,

360-61 (App. Div. 1985). Indeed, to remove a trustee there must

be facts to warrant such action. See Matter of Konigsberg, 125

N.J. Eq. 216, 219 (Prerog. Ct. 1939).

 Based upon the record, we agree with the trial court that

plaintiff failed to demonstrate defendant acted improvidently in

managing plaintiff's trusts. Confronted with defendant's

certification that the trust's assets have been properly managed,

plaintiff presented no evidence of fraud, indifference, bad faith,

or carelessness by defendant. There is also no merit to her

assertion that the trust is in future jeopardy unless defendant

is removed as trustee. R. 2:11-3(e)(1)(E).

 B.

 In the will action, we agree with plaintiff that the trial

court should not have granted summary judgment to defendant under

 7 A-0378-16T3
Rule 4:85-1, because as a non-state resident, she did not file her

complaint within six months of the issuance of testamentary letters

to defendant. We therefore conclude the court mistakenly applied

its discretion by not allowing plaintiff a thirty-day filing

extension for good cause under Rule 4:48-2.

 The record shows that within six months of defendant's

appointment as executor, plaintiff attempted to file a pro se

complaint making the same allegations and seeking the same relief

set forth in the two complaints she later filed that are the

subject of this appeal. However, a court clerk did not accept her

filing; instead advising her that she had to file two separate

complaints. Plaintiff contended her preparation of the two

complaints was delayed when she became ill. She also argued she

had to represent herself because her sisters delayed payment of

her trust funds in order to prevent her from hiring a lawyer to

contest the will.

 We agree with the court that plaintiff's inability to afford

counsel is not a basis for a good cause finding. In re Estate of

Schifftner, 385 N.J. Super. 37, 44 (App. Div.), certif. denied,

188 N.J. 356 (2006). We also take no issue with the court's

finding that there was no specific support for plaintiff's claim

that her illness prevented her from meeting the filing deadline.

Nevertheless, we conclude the court should have recognized

 8 A-0378-16T3
plaintiff's specific and non-speculative allegation that her

filing would have been timely but for the court clerk's action.

Under our summary judgment guidelines, these factual allegations

should have been viewed in the light most favorable to plaintiff

in her opposition to defendant's summary judgment motion. While

her initially submitted complaint may have required a subsequent

amendment to conform to the court rules, it should have been

considered timely filed.

 Notwithstanding this conclusion, we see no reason to reverse

the court's summary judgment dismissal of the will action because

the court properly assessed the merits of plaintiff's complaint

in finding there was no proof that Florence's will was the product

of undue influence. The following principles guide our analysis.

 It is well settled that "it is generally presumed that the

testator [is] of sound mind" to execute a will. Haynes v. First

Nat'l State Bank, 87 N.J. 163, 175-76 (1981) (citation omitted).

That presumption can be overcome, however, upon a showing of undue

influence. See id. at 176. "[U]ndue influence is a mental, moral,

or physical exertion of a kind and quality that destroys the free

will of the testator by preventing that person from following the

dictates of his or her own mind as it relates to the disposition

of assets[.]" In re Estate of Folcher, 224 N.J. 496, 512 (2016)

 9 A-0378-16T3
(alteration in original) (quoting In re Estate of Stockdale, 196

N.J. 275, 302-03 (2008)).

 To be entitled to a presumption of undue influence, the party

challenging the will must show two elements: a confidential

relationship between the testator and beneficiary, and "the

presence of suspicious circumstances." Matter of Will of Liebl,

260 N.J. Super. 519, 528 (App. Div. 1992) (citing Haynes, supra,

87 N.J. at 176), certif. denied, 133 N.J. 432 (1993)). Since the

parties do not dispute that defendant, Judith and her husband, had

a confidential relationship with Florence, we focus on whether

suspicious circumstances existed. "Suspicious circumstances" are

those circumstances that "require explanation." Haynes, supra,

87 N.J. at 176 (citation omitted). Further, "[s]uch circumstances

need be no more than 'slight.'" Ibid. (citation omitted).

 Plaintiff alleges defendant, Judith and her husband, exerted

undue influence on Florence by having Florence execute provisions

in her will that: (1) deducted loans, interest and legal fees on

Florence's loans to Meredith from her inheritance; (2) established

a trust to pay for the remaining college expenses of plaintiff's

daughter to be funded out of plaintiff's inheritance; (3) appointed

defendant as sole trustee of plaintiff's trust; and (4) barred

plaintiff or her issue from ever serving as trustee of plaintiff's

trust. Plaintiff contends Florence was susceptible to their undue

 10 A-0378-16T3
influence because Florence executed the will when she was eighty-

three years old, suffering from dementia, insecure due to the loss

of her financial advisor, and extremely stressed due to her concern

about plaintiff and plaintiff's daughter. Plaintiff also

complained that Judith admitted she influenced Florence to place

plaintiff's share of Florence's estate assets in trust, and took

Florence to sign the will. Plaintiff maintains defendant did not

provide "truly independent advice" to her mother.

 We agree with the trial court that these allegations are not

supported by competent evidence in the record. Hence, the court

properly determined plaintiff did not demonstrate suspicious

circumstances sufficient to entitle her to a presumption of undue

influence by defendant, Judith and her husband.

 Finally, we address plaintiff's assertion that defendant

should be removed as executor because he breached his fiduciary

duties. Defendant contends the issue is moot due to his filing

of his final account for approval and distribution. We agree.

Furthermore, based upon the same legal standard we applied above

to reject plaintiff's claim that defendant should be removed as

trustee of her trust, we also conclude plaintiff presented no

evidence that defendant did not properly administer his duties as

executor of her mother's estate.

 Affirmed.

 11 A-0378-16T3